MARTIN, Chief Judge.
Defendant pled guilty to one count of larceny by an employee on 18 May 1998. The trial court entered judgment suspending defendant's 6-8 month term of imprisonment, and placed her on supervised special probation for 36 months.
As shown by the documents submitted by the State and included as exhibits to the record on appeal, a citation was issued to defendant on 8 September 1999, charging her with simple assault. When defendant failed to appear on 15 October 1999 on that charge, an order for her arrest was issued on 2 December 1999. On 8 February 2000, defendant's probation officer issued a violation report alleging various violations of both the monetary and regular conditions of probation, including the fact that defendant had been charged with simple assault in 99CR12063. The violation report also noted that defendant had failed to appear for her court date and that an order for arrest had been issued. According to the "Dismissal Notice of Reinstatement" submitted by defendant and included as an exhibit to the record on appeal, the assault charge in 99CR12063 was dismissed with leave, when defendant failed to appear and could not be found when the matter was called for trial. On 31 January 2002, the superior court found defendant in violation of certain terms and conditions of her probation, as alleged in the 8 February 2000 violation report. The court, therefore, entered an order modifying certain terms of defendant's probation. Specifically, the court retroactively extended defendant's probation from 18 May 2000 to 18 May 2003.
On 10 September 2002, the superior court heard "a motion to modify the conditions of the defendant's probation for good cause without charge of violation." Consequently, the court entered an order extending defendant's probationary period from 17 May 2003 to 18 May 2004, "for good cause without charge of violation."
More recently, on 25 August 2003, defendant's probation officer filed a violation report alleging that despite having been previously "violated" in this case for the same violation, defendant had failed to report for scheduled office contacts, and was in arrears on the monetary obligations of her probation. This matter was heard by the trial court during the 27 October 2003 session of superior court. After defendant admitted to having violated the terms and conditions of her probation, the trial court found defendant in willful violation of her probation as alleged in the 25 August 2003 violation report. The court entered a judgment revoking defendant's probation and activating her suspended sentence. Defendant appeals. In addition, defendant has filed a motion for appropriate relief, which is presently pending before this Court. Defendant's appeal and motion for appropriate relief present the same issue: Whether the trial court had jurisdiction to revoke her probation. Defendant contends that her probationary period had expired prior to the filing of the 25 August 2003 violation report, upon which her probation was revoked. She argues then that the trial court did not have jurisdiction to revoke her probation on 29 October 2003. We agree.
A court's jurisdiction to review a defendant's compliance with the terms and conditions of probation is limited by statute. State v. Hicks, 148 N.C. App. 203, 204, 557 S.E.2d 594, 595 (2001). Ordinarily, the sentencing court determines the length of probation a defendant is obligated to serve, up to a maximum of five years. N.C. Gen. Stat. § 15A-1342(a)(2003). The General Statutes, however, provide three provisions under which the court may extend or otherwise modify a defendant's probation. See N.C. Gen. Stat. §§ 15A-1342(a); 1344(d)(2003). N.C. Gen. Stat. § 15A-1342(a) provides:
Extension. - The court with the consent of the defendant may extend the period of probation beyond the original period (i) for the purpose of allowing the defendant to complete a program of restitution, or (ii) to allow the defendant to continue medical or psychiatric treatment ordered as a condition of the probation. The period of extension shall not exceed three years beyond the original period of probation. The special extension authorized herein may be ordered only in the last six months of the original period of probation. Any probationary judgment form provided to a defendant on supervised probation shall state that probation may be extended pursuant to this subsection.
Id. (emphasis added). Moreover, as pertinent to this case, N.C. Gen. Stat. 15A-1344(d) provides:
At any time prior to the expiration or termination of the probation period, the court may after notice and hearing and for good cause shown extend the period of probation up to the maximum allowed under G.S. 15A-1342(a) and may modify the conditions of probation. The probation period shall be tolled if the probationer shall have pending against him criminal charges in any court of competent jurisdiction, which, upon conviction, could result in revocation proceedings against him for violation of the terms of this probation.
Id. (emphasis added).
In the instant case, absent an extension or modification, defendant's probation would have expired on 18 May 2001. However, the exhibits to the record on appeal show that defendant was charged by citation on 8 September 1999 in 99CR12063 with simple assault; and that on 8 February 2000, defendant's probation officer filed a violation report, in which it was alleged, in pertinent part, that defendant had been charged with simple assault in 99CR12063 in violation of the regular condition of probation. See N.C. Gen. Stat. § 15A-1343(b)(1)(2003) (providing that "As [a] regular condition[] of probation, a defendant must: (1) Commit nocriminal offense in any jurisdiction."). Though a hearing was not held on the 8 February 2000 violation report until 31 January 2002, under the clear language of N.C. Gen. Stat. 15A-1344(d), defendant's probation period was tolled upon defendant being charged with the assault in 99CR12063. Accordingly, defendant's probationary period had not expired at the time that the trial court entered its 31 January 2002 order modifying and extending her probation through 18 May 2003.
While defendant argues that the tolling provision of N.C. Gen. Stat. § 15A-1344(d) was negated by the 30 June 2000 dismissal with leave in 99CR12063, we disagree. See State v. Bell, 156 N.C. App. 350, 356, 576 S.E.2d 695, 699 (2003)(referring to the dismissal with leave as a "procedural calendaring device"). In Bell, the Court quoted, "`dismissal [with leave] results in removal of the case from the court's docket, but the criminal proceeding under the indictment is not terminated." Id. (quoting State v. Lamb, 321 N.C. 633, 641, 365 S.E.2d 600, 604 (1988))(alteration in original). We conclude then that the trial court did have jurisdiction on 31 January 2002 to retroactively extend defendant's probation through 18 May 2003.
The court's subsequent action to modify and extend defendant's probationary period to 18 May 2004, however, was contrary to the provisions of the General Statutes. As argued by the State, N.C. Gen. Stat. 15A-1342(a) does indeed allow a defendant's period of probation to be extended with the defendant's permission. Nonetheless, even assuming that defendant did agree to such an extension in this case, she could not properly do so, because any extension under subsection (a) was limited to "three years beyond" and was required to have occurred within "the last six months the original period of probation." See N.C. Gen. Stat. § 15A-1342(a). In this case, the trial court's 10 September 2002 order, purporting to extend defendant's probation to 18 May 2004, occurred well outside of the last six months of defendant's original period of probation. The court's order was not valid, and therefore, defendant's probation ended, as previously ordered by the superior court, on 18 May 2003.
It necessarily follows that the superior court was without jurisdiction to hear the probation violation report filed on 25 August 2003, and defendant's motion for appropriate relief must be allowed. The judgment revoking defendant's probation based upon the allegations contained in the 25 August 2003 violation report is vacated, and this matter is remanded for defendant's discharge from probation.
Vacated and remanded.
Judges McCULLOUGH and CALABRIA concur.
Report per Rule 30(e).