STATE OF NORTH CAROLINA v. ANTONIO HICKS

No. COA01-256

(Filed 28 December 2001)

**Probation and Parole— revocation—after expiration of probation period**

> The trial court erred by revoking defendant's probation where defendant received an eighteen-month probation on 18 February 1998; his probation was scheduled to expire on 18 August 1999; and the violation report was signed on 23 July 1999 but not filed until 18 September 2000, thirteen months after the probation period expired. For a court to retain jurisdiction over a probationer after the period of probation has expired, the plain language of N.C.G.S. § 15A-1344(f)(1) requires the State to file a written motion with the clerk indicating the State's intent to conduct a revocation hearing before the period of probation expires.

Appeal by defendant from judgment entered 10 October 2000 by Judge Beverly T. Beal in Mecklenburg County Superior Court. Heard in the Court of Appeals 26 November 2001.

*Attorney General Roy Cooper, by Special Deputy Attorney General Judith R. Bullock, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Julie Ramseur Lewis, for defendant-appellant.*

EAGLES, Chief Judge.

On 18 February 1998, defendant Antonio Hicks pled guilty to four counts of embezzlement. Judge Raymond A. Warren suspended defendant's six to eight month term of imprisonment and placed defendant on supervised probation for a period of eighteen months.

On 23 July 1999, Probation Officer Teneika Clifton (Officer Clifton) signed and dated a Violation Report alleging that defendant failed to pay monetary conditions of probation, that he missed scheduled office appointments on four occasions, and that he had absconded from supervision. The Violation Report and Order for Arrest were file-stamped on 18 September 2000. At the 10 October 2000 revocation hearing, defendant, appearing pro se, denied the allegations contained in the Violation Report.

At the hearing, the State's evidence tended to show that Probation Officer Roxanne Prampong (Officer Prampong) inherited defendant's case from another officer on 3 April 2000. At that time, defendant was alleged to be an absconder. Defendant's file indicated that defendant missed office appointments on 4 May 1999, 1 June 1999, 17 June 1999, and 22 June 1999. The previous probation officer made a home visit on 1 July 1999, left a note on the door, but had no contact with defendant. Officer Prampong also determined that as to the monetary conditions of his probation, defendant was $360.00 in arrears.

Defendant testified that he met with Officer Clifton in April 1999. Defendant testified that Officer Clifton told him that he only had $120.00 left to pay, and then it would be over because he would have met all of his obligations of the judgment. The same day, defendant went to bookkeeping and paid that money. After he did so, defendant assumed his probation was over. He continued to reside with his wife and children at the same location. He testified that he did not abscond and that if he had known that he needed to pay more money, he would have done so.

After hearing testimony, Judge Beal found that the alleged violations were true and willful. Judge Beal revoked defendant's probationary sentence and activated the sentence of six to eight months incarceration. Defendant appeals.

On appeal, defendant contends that the trial court erred in revoking defendant's probation. Defendant argues (1) that the trial court lacked jurisdiction over the subject matter of the hearing where the period of probation had expired before the time of the hearing and (2) that the evidence was insufficient to support the trial court's finding of fact that defendant wilfully and without lawful excuse violated the conditions of his probation.

A court's jurisdiction to review a probationer's compliance with the terms of his probation is limited by statute. In *State v. Camp*, 299 N.C. 524, 527, 263 S.E.2d 592, 594 (1980), Justice Huskins wrote:

> When a sentence has been suspended and defendant placed on probation on certain named conditions, the court may, *at any time during the period of probation*, require defendant to appear before it, inquire into alleged violations of the conditions, and, if found to be true, place the suspended sentence into effect. G.S. 15A-1344(d) (Supp. 1979). (Citations omitted.) But the State may

not do so *after the expiration of the period of probation* except as provided in G.S. 15A-1344(f). (Citations omitted.)

North Carolina General Statute section 15A-1344(f) provides that once the period of probation has ended, the court may revoke probation only if:

(1) Before the expiration of the period of probation the State has filed a written motion with the clerk indicating its intent to conduct a revocation hearing; and

(2) The court finds that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier.

Here, defendant received an eighteen-month period of probation that began on 18 February 1998. Defendant's probation was scheduled to expire on 18 August 1999. The date written by the probation officer on the Violation Report indicates that the officer signed the report on 23 July 1999. The file-stamp on the report, however, indicates that it was not filed with the clerk until 18 September 2000, thirteen months after defendant's probation period expired. To properly revoke defendant's probation after 18 August 1999, the State would have had to file a written motion with the clerk before the expiration of the probation period indicating the State's intent to conduct a revocation hearing. This did not occur.

For a court to retain jurisdiction over a probationer after the period of probation has expired, the plain language of N.C.G.S. § 15A-1344(f)(1) requires the State to "[file] a written motion with the clerk indicating [the State's] intent to conduct a revocation hearing" before the period of probation expires. Here, the State failed to file defendant's Violation Report before defendant's probation period had expired.

Because the State's failure to comply with the plain language of N.C.G.S. § 15A-1344(f)(1) is dispositive, we decline to address the additional arguments presented by defendant's counsel and hold that the probation revocation proceeding should have been dismissed. "When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority." *State v. Petersilie,* 334 N.C. 169, 175, 432 S.E.2d 832, 836 (1993) (quoting *State v. Felmet,* 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981)). Accordingly, the judgment appealed from is arrested and defendant discharged.

Judgment arrested.

Judges MARTIN and BIGGS concur.