STATE OF NORTH CAROLINA v. SHERRY ELAINE ROACHE HALL, Defendant

No. COA02-1552

(Filed 7 October 2003)

**Probation and Parole— revocation—after expiration of probation period**

A judgment was arrested where the court attempted to revoke defendant's probation after the probation period expired without findings or evidence of a reasonable effort to conduct the hearing earlier. N.C.G.S. § 15A-1344(f).

Appeal by defendant from judgment entered 19 August 2002 by Judge Zoro J. Guice in Superior Court, Polk County. Heard in the Court of Appeals 16 September 2003.

*Attorney General Roy Cooper, by Associate Attorney General Wendy L. Greene, for the State.*

*Leslie C. Rawls for the defendant-appellant.*

WYNN, Judge.

Under *State v. Camp*, 299 N.C. 524, 528, 263 S.E.2d 592, 594-95 (1980), to revoke a defendant's probation after the period of probation has expired, the trial court must find "that the State had 'made reasonable effort . . . to conduct the hearing earlier.' " (citing N.C. Gen. Stat. § 15A-1344(f))[1]. In this case, although defendant's probation period ended on 17 May 2002, the trial court conducted a hearing on 19 August 2002—after the expiration of defendant's period of probation and suspension. Because the record shows that the trial court did not make any findings (nor is there evidence in the record to support such findings) that the State made reasonable effort to

---

1. N.C. Gen. Stat. § 15A-1344(f) provides:

Revocation after Period of Probation.—The court may revoke probation after the expiration of the period of probation if:

(1) Before the expiration of the period of probation the State has filed a written motion with the clerk indicating its intent to conduct a revocation hearing; and

(2) The court finds that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier.

STATE v. HALL

[160 N.C. App. 593 (2003)]

conduct the hearing earlier, we are compelled by *State v. Camp* to hold that "jurisdiction was lost by the lapse of time and the court had no power to enter a revocation judgment against defendant." *Id.* Accordingly, as in *Camp*, the judgment appealed from is arrested and defendant is discharged.

Judgment arrested.

Judges TYSON and LEVINSON concur.