STATE OF NORTH CAROLINA v. PARIS DEMONE BURNS

No. COA04-907

(Filed 19 July 2005)

**Probation and Parole— revocation of probation after probationary period—reasonable efforts to notify defendant of hearing**

The trial court erred by revoking defendant's probation nearly three years after the probationary period expired without finding that the State made reasonable efforts to notify him and conduct the revocation hearing earlier as required by N.C.G.S. § 15-1344(f), and defendant is discharged, because: (1) the requirement contained in N.C.G.S. § 15-1344(f) does apply to a probation imposed under N.C.G.S. § 90-96, and thus the trial court erred by refusing to make the required findings; (2) at the revocation hearing defendant's probation officer testified she made only one attempt to locate defendant in 2001 at the address he had listed, which was prior to the filing of the probation violation report and issuance of the arrest warrant, and no attempt was made to serve the order for arrest until March 2004; and (3) the mere notation of "absconder" on the order for arrest did not relieve the State of its duty to make reasonable efforts to notify defendant under N.C.G.S. § 15-1344(f)(2).

Appeal by defendant from judgment entered 21 April 2004 by Judge James W. Morgan in Mecklenburg County Superior Court. Heard in the Court of Appeals 9 March 2005.

*Attorney General Roy Cooper, by Assistant Attorney General, Joan M. Cunningham, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender, Kelly D. Miller, for defendant-appellant.*

STEELMAN, Judge.

On 20 January 2000, defendant pled guilty to felonious possession of cocaine. Because this was defendant's first offense, the trial court placed him on probation for eighteen months pursuant to N.C. Gen. Stat. § 90-96(a) under certain regular and special conditions of probation. The trial court did not enter an adjudication of guilt against

defendant upon the condition that he comply with the conditions of his probation. Defendant's probation was to run for eighteen months from January 2000 until July 2001.

On 1 March 2001, defendant's probation officer filed a probation violation report. The report alleged defendant violated four separate conditions of his probation. On 6 March 2001, an order for arrest was issued based on defendant's probation violations. On 18 March 2004, more than three years later, the police arrested defendant. Defendant was never served with the violation report prior to his arrest. A probation revocation hearing was held at the 21 April 2004 session of superior court, more than three years after defendant's probation period had expired. The trial judge found defendant wilfully violated the terms of his probation pursuant to N.C. Gen. Stat. § 90-96, entered an adjudication of guilt on the original charge, and sentenced defendant to six to eight months imprisonment. The trial court suspended this sentence and placed defendant on supervised probation for twenty-four months. Defendant appeals.

In his first argument defendant contends the trial court erred in revoking his probation after the probationary period expired without finding that the State made reasonable efforts to notify him and conduct the revocation hearing earlier in violation of N.C. Gen. Stat. § 15A-1344(f). We agree.

"A court's jurisdiction to review a probationer's compliance with the terms of his probation is limited by statute." *State v. Hicks*, 148 N.C. App. 203, 204, 557 S.E.2d 594, 595 (2001). Except as provided in N.C. Gen. Stat. § 15A-1344(f), a trial court lacks jurisdiction to revoke a defendant's probation after the expiration of the probationary term. *Id.* at 204-05, 557 S.E.2d at 595; *State v. Camp*, 299 N.C. 524, 527-28, 263 S.E.2d 592, 594-95 (1980). In order to revoke a defendant's probation after the probationary period has expired the trial court must "find[] that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier." N.C. Gen. Stat. § 15A-1344(f)(2) (2004). *See also State v. Hall*, 160 N.C. App. 593, 593, 586 S.E.2d 561, 561 (2003).

The facts in this case are undisputed. The trial court revoked defendant's probation nearly three years after it had expired. The trial judge refused to make the findings required under § 15A-1344(f), stating the provision did not apply to this case because "[t]his is not a regular probation case. This is a 90-96 judgment." This is incorrect. The requirement contained in N.C. Gen. Stat. § 15A-1344(f)

STATE v. BURNS

[171 N.C. App. 759 (2005)]

does apply to N.C. Gen. Stat. § 90-96, and as a result, the trial court erred in refusing to make findings as required by N.C. Gen. Stat. § 15A-1344(f).

N.C. Gen. Stat. § 90-96(a) provides:

the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as it may require. . . . Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided.

N.C. Gen. Stat. § 90-96(a) (2004). This statute does not discuss in further detail the procedures the court should follow when a defendant violates a term or condition. In the absence of specifically enumerated procedures, those procedures set forth in Article 82 of Chapter 15A of our General Statutes regarding probation violations should apply. A reading of N.C. Gen. Stat. § 90-96 indicates the legislature intended the statutes governing probation and its revocation contained in Article 82 would apply to N.C. Gen. Stat. § 90-96, unless specifically exempted by that statute. This is evidenced by the fact that in drafting § 90-96, the legislature expressly excluded probations imposed under § 90-96 from the requirement of N.C. Gen. Stat. § 15A-1342(c) that a court imposing a probationary sentence also impose a suspended sentence of imprisonment. *See* N.C. Gen. Stat. § 90-96(a). In the absence of a provision to the contrary, and except where specifically excluded, the general probation provisions found in Article 82 of Chapter 15A apply to probation imposed under N.C. Gen. Stat. § 90-96. Accordingly, the trial court in this case was required to make specific findings under N.C. Gen. Stat. § 15A-1344(f), and its failure to do so was error.

The State contends that even though the trial court failed to make any findings as to the reasonableness of the State's efforts to locate defendant, it was not reversible error under the case of *State v. Hall*, 160 N.C. App. 593, 586 S.E.2d 561 (2003) because there is evidence in the record to support such a finding. The State's contention is based on the following language from *Hall*:

Because the record shows that the trial court did not make any findings *(nor is there evidence in the record to support such findings)* that the State made reasonable effort to conduct the hearing earlier, we are compelled by *State v. Camp* to hold

that "jurisdiction was lost by the lapse of time and the court had no power to enter a revocation judgment against defendant."

*Hall*, 160 N.C. App. at 593-94, 586 S.E.2d at 561 (emphasis added).

Even if we were inclined to give this language the tortured construction urged by the State, we find no evidence in the record to support such a finding in this case.

N.C. Gen. Stat. § 15A-1344(f) requires that the State have made a "reasonable effort" to notify the probationer of its intent to hold a probationary revocation hearing and have made a "reasonable effort" to conduct the hearing earlier. When attempting to determine the meaning of a word in a statute, the word must be given its ordinary meaning. *City of Concord v. Duke Power Co.*, 346 N.C. 211, 219, 485 S.E.2d 278, 283 (1997). N.C. Gen. Stat. § 15A-1344 does not define what constitutes a "reasonable effort." "Reasonable effort" has been defined to mean the diligent and timely implementation of a plan of action. N.C. Gen. Stat. § 7B-101(18) (2004). In the context of this statute that would mean those actions a reasonable person would pursue in seeking to notify defendant of his probation violation and conduct a hearing on the matter.

At the revocation hearing, defendant's probation officer testified she only made one attempt to locate defendant in 2001 at the address he had listed, which was prior to the filing of the probation violation report and issuance of the arrest warrant. She turned the file over to a surveillance officer following the issuance of the arrest warrant. No attempt was made to serve the order for arrest until March 2004.

The State contends that since there was a notation on the order for arrest that defendant was an "absconder," it was relieved from making any effort to notify defendant of the pending violation report. We note this violation report lists four violations, none of which were for absconding. Significantly, paragraph 3 of the violation report (DCC-10), which is the place on the form for asserting that a defendant absconded, is not marked as a violation in this case. The information contained in an arrest warrant is an allegation, not a conclusive fact. *See State v. Corbett*, 168 N.C. App. 117, 123, 607 S.E.2d 281, 284 (2005). The mere notation of "absconder" on the order for arrest did not relieve the State of its duty to make reasonable efforts to notify defendant under N.C. Gen. Stat. § 15A-1344(f)(2).

We hold that the State failed to demonstrate that it made reasonable efforts to notify defendant and conduct a hearing as required by N.C. Gen. Stat. § 15A-1344(f)(2).

Because the trial court failed to make the findings required by N.C. Gen. Stat. § 15A-1344, nor is there evidence in the record to support such a finding, we hold the trial court lacked both the jurisdiction and authority to revoke defendant's probation. The judgment appealed from is arrested and defendant is discharged. *Accord Hall,* 160 N.C. App. at 594, 586 S.E.2d at 562.

As a result of our holding, we need not address the remainder of defendant's assignments of error.

JUDGMENT ARRESTED.

Judges McGEE and BRYANT concur.