STATE OF NORTH CAROLINA v. DERRICK A. HIGH, Defendant

No. COA06-619

(Filed 5 June 2007)

**Probation and Parole— failure to hold revocation hearing before expiration of probationary period—absconded supervision—reasonable effort to notify probationer**

The trial court did not err by concluding it had jurisdiction under N.C.G.S. § 15A-1344(f) to revoke defendant's probation and activate his suspended sentence for charges of assault inflicting serious bodily injury and second-degree kidnapping even though defendant contends it was after expiration of his probationary period and the State allegedly failed to make a reasonable effort to notify him of the revocation hearing and to conduct the hear-

ing at an earlier date, because: (1) defendant's probation officer filed a violation report that specifically stated that defendant absconded, a statement that in itself is competent evidence that he violated his probation by absconding; (2) before the expiration of the probationary period, the State had filed a written motion with the clerk indicating its intent to conduct a hearing; (3) the trial court found that defendant had violated his probation by absconding and that the violation was a sufficient basis upon which the court should revoke probation and activate the suspended sentence; (4) the failure of the trial court to enter a revocation judgment within the probationary period was chargeable to the conduct of defendant; and (5) after the trial court determined that defendant did in fact abscond, it found that under those circumstances the State's subsequent use of the surveillance officer was a reasonable effort.

Appeal by defendant from judgment entered 7 February 2006 by Judge Howard E. Manning, Jr. in Wake County Superior Court. Heard in the Court of Appeals 7 February 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Vanessa N. Totten, for the State.*

*Duncan B. McCormick for defendant-appellant.*

GEER, Judge.

Defendant Derrick A. High appeals from a judgment of the Wake County Superior Court revoking his probation and activating his suspended sentence. In his sole argument on appeal, defendant contends that the trial court lacked jurisdiction to revoke his probation after the expiration of his probationary term because the State failed to make a "reasonable effort," as required by N.C. Gen. Stat. § 15A-1344(f) (2005), to notify him of the revocation hearing and to conduct this hearing at an earlier date. Given the court's factual finding that defendant absconded—a finding that defendant does not challenge on appeal and which we must, therefore, accept as binding—we hold that the trial court properly determined that it had jurisdiction. Consequently, we affirm the trial court's order.

## Facts

In August 2001, defendant was indicted on charges of assault inflicting serious bodily injury and first degree kidnapping. On 24

September 2001, defendant pled guilty to the assault charge and to second degree kidnapping and, in turn, received a sentence of 29 to 44 months imprisonment. The active sentence was suspended, and defendant was placed on supervised probation for a term of 36 months. Between February 2002 and April 2003, the trial court entered several orders modifying the conditions of defendant's probation, although none of those orders extended the 36-month term of probation. As a result, defendant's probation was due to expire 24 September 2004.

On 3 July 2003, prior to the expiration of the probationary term, defendant's probation officer filed a probation violation report dated 28 May 2003 asserting that defendant had been terminated from a required "Day Reporting Center" program and had failed to report to two separate court-ordered jail stays. An order for defendant's arrest had been issued based on that violation report on 28 May 2003. On 18 July 2003, the officer filed an additional violation report, dated 16 July 2003, asserting that defendant had violated his probation by absconding: "On or about 6-13-03 the defendant left his residence . . . in Knightdale and has failed to make himself available for supervision or notify his probation officer of his whereabouts. The defendant has therefore, absconded supervision." Defendant was not located until he was arrested for a traffic violation in fall of 2005.

Defendant's probation revocation hearing was held on 7 February 2006. Wake County Probation Officer John Crowder explained that Kevin Carroll was defendant's probation officer in 2003 when the violation reports were filed, but that he had fully reviewed defendant's file and confirmed the violations reported by Officer Carroll. Officer Crowder testified that defendant had not reported to his probation officer since June 2003 and that contact with defendant was not re-established until the officer met with defendant in jail in November 2005, following his traffic arrest. Officer Crowder explained that, when defendant disappeared in 2003, the case was turned over to a surveillance officer who checked to see whether defendant had any pending charges, had been arrested, or was in jail.

At the close of the State's evidence, defendant moved to dismiss the matter for lack of jurisdiction. Defendant argued that the State failed to satisfy N.C. Gen. Stat. § 15A-1344(f), which sets out the circumstances under which the State may seek to revoke an individual's probation after the designated expiration date of the probationary term. After hearing argument from both sides, the court denied the motion to dismiss based upon the following oral findings of fact:

The Court finds that in this case, before the expiration of the period of probation, the State had filed a written motion with the clerk indicating its intent to conduct a hearing.

. . . .

. . . And the Court finds as a fact that after—that the probation officer attempted to serve this particular defendant with the probation report and the second one was because he had failed to come in to serve his jail time.

Subsequent to that he absconded. He disappeared from view. That is, the case was turned over to a surveillance officer who from time to time checked to see if there was any record of his arrest, that he may be in the jail.

And the Court finds that under the circumstances those are reasonable efforts.

The trial court further found that defendant had violated his probation by absconding and that the violation was a sufficient basis upon which the court should revoke probation and activate the suspended sentence. Based on that violation, the court revoked defendant's probation and activated his sentence of 29 to 44 months imprisonment. Defendant gave timely notice of appeal.

### Discussion

Defendant argues that the trial court erred in concluding that the State made "reasonable efforts" as required by N.C. Gen. Stat. § 15A-1344(f) and that, based on this erroneous conclusion, the court improperly denied his motion to dismiss for lack of jurisdiction. N.C. Gen. Stat. § 15A-1344(f) provides:

The court may revoke probation after the expiration of the period of probation if:

(1) Before the expiration of the period of probation the State has filed a written motion with the clerk indicating its intent to conduct a revocation hearing; and

(2) The court finds that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier.

This Court has held that "[t]o satisfy G.S. 15A-1344(f), three conditions must be met: the probationer must have committed a violation

during his probation, the State must file a motion indicating its intent to conduct a revocation hearing, and the State must have made a reasonable effort to notify the probationer and conduct the hearing sooner." *State v. Cannady*, 59 N.C. App. 212, 214, 296 S.E.2d 327, 328 (1982).

If the requirements of § 15A-1344(f) are not met, a trial court lacks jurisdiction to revoke a defendant's probation after the expiration of the probationary term. *State v. Burns*, 171 N.C. App. 759, 760, 615 S.E.2d 347, 348 (2005). Further, if the trial court fails to make the "reasonable effort" finding mandated by § 15A-1344(f)(2), "the trial court's jurisdiction to revoke probation after expiration of the probationary period is not preserved." *State v. Bryant*, 361 N.C. 100, 103, 637 S.E.2d 532, 534 (2006).

The sole question before the trial court was whether the State had made the "reasonable effort" required by § 15A-1344(f)(2). The trial court made the necessary findings of fact on that issue. Although defendant assigned error to those findings, including the finding that defendant absconded from supervision, he did not bring those assignments forward in his brief. Those findings are, therefore, binding on appeal. N.C.R. App. P. 28(b)(6) ("Assignments of error not set out in the appellant's brief . . . will be taken as abandoned."); *State v. Pendleton*, 339 N.C. 379, 389, 451 S.E.2d 274, 280 (1994) (holding that appellate courts are bound by uncontested findings of superior court), *cert. denied*, 515 U.S. 1121, 132 L. Ed. 2d 280, 115 S. Ct. 2276 (1995). Consequently, our task is to consider whether those findings support the court's conclusion that the State met its obligations under § 15A-1344(f). *State v. Rhyne*, 124 N.C. App. 84, 89, 478 S.E.2d 789, 791 (1996).

In *State v. Camp*, 299 N.C. 524, 263 S.E.2d 592 (1980), the Supreme Court addressed the circumstances under which a trial court maintains jurisdiction pursuant to N.C. Gen. Stat. § 15A-1344(f). In holding that the trial court in that case "was without authority to conduct a probation revocation hearing and activate the suspended sentences after the period of probation and suspension had expired," *id.* at 528, 263 S.E.2d at 594-95, the Court explained:

> This is true because the failure of the court to enter a revocation judgment within the five-year period prescribed by the original judgment *is not chargeable to the conduct of defendant. He never absconded. He never concealed himself to delay or avoid a revocation hearing.* He was never charged with the commis-

sion of another crime during the probationary period which
might toll the running of the probationary period.

*Id.*, 263 S.E.2d at 595 (emphasis added).[1]

In this case, however, on the question of the reasonableness of
the State's efforts to notify defendant, the trial court found that
defendant had absconded and that the probation officer then turned
the case over to a surveillance officer who, from time to time,
checked to see if there was any record of defendant's arrest or
whether defendant was in jail. Under *Camp*, the failure of the trial
court to enter a revocation judgment within the probationary period
was chargeable to the conduct of defendant.

Defendant, however, points to *Burns* as being indistinguish-
able from the facts in this case. In *Burns*, unlike this case, the
trial court never made the "reasonableness" finding as required by
§ 15A-1344(f)(2), and we held that "its failure to do so was error."
171 N.C. App. at 761, 615 S.E.2d at 349. This Court then declined to
remand to the trial court for the necessary finding of reasonable
efforts because the Court concluded that there was "no evidence in
the record to support such a finding in this case." *Id.* at 762, 615
S.E.2d at 349.

The Court explained:

At the revocation hearing, defendant's probation officer testi-
fied she only made one attempt to locate defendant in 2001 at the
address he had listed, which was prior to the filing of the proba-
tion violation report and issuance of the arrest warrant. She
turned the file over to a surveillance officer following the
issuance of the arrest warrant. No attempt was made to serve the
order for arrest until March 2004.

*Id.* Although the State in *Burns* pointed to the fact that there was a
notation on the order for arrest that defendant was an "absconder,"
this Court observed that (1) the violation report did not list "abscond-
ing" as one of the violations; (2) "[t]he information contained in an
arrest warrant is an allegation, not a conclusive fact"; and (3) "[t]he
mere notation of 'absconder' on the order for arrest did not relieve

---

1. The Court concluded in *Camp* that the trial court could not have found "rea-
sonable efforts" by the State because the defendant had appeared before the superior
court approximately 23 times for a revocation hearing, although each time the hearing
was continued. 299 N.C. at 527, 263 S.E.2d at 594.

the State of its duty to make reasonable efforts to notify defendant under N.C. Gen. Stat. § 15A-1344(f)(2)." *Id.*, 615 S.E.2d at 349-50.

The situation in this case is markedly different. Defendant's probation officer filed a violation report that specifically stated that defendant absconded—a statement that in itself is competent evidence that he violated his probation by absconding. Defendant's suggestion that a statement in a probation violation report is nothing more than an allegation, like the notation on the arrest warrant, is contrary to established law. *See State v. Gamble*, 50 N.C. App. 658, 661, 274 S.E.2d 874, 876 (1981) ("Defendant's allegation that the State presented no evidence is erroneous, because introduction of the sworn probation violation report constituted competent evidence sufficient to support the order revoking his probation."). Based on the evidence, the trial court then found that defendant had in fact absconded. Accordingly, we have in this case what we found lacking in *Burns*—a conclusive finding that the defendant absconded.

Further, after determining that defendant did in fact abscond, the trial court found "that under those circumstances" the State's subsequent use of the surveillance officer was a "reasonable effort." We hold that these findings of fact distinguish this case from *Burns* and are sufficient to support the trial court's conclusion that it had jurisdiction under N.C. Gen. Stat. § 15A-1344(f). Since defendant presents no other argument on appeal, we affirm the judgment revoking defendant's probation and activating his sentence.

Affirmed.

Judges TYSON and ELMORE concur.