STATE OF NORTH CAROLINA
v.
RODNEY LEE HAMPTON
No. COA07-1270
Court of Appeals of North Carolina.
Filed September 2, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Brent D. Kiziah, for the State.
Betsy J. Wolfenden for defendant appellant.
McCULLOUGH, Judge.
Rodney Hampton ("defendant") appeals a judgment revoking his probation and activating his 16-to 20-month suspended prison sentence. We affirm.
The relevant evidence and procedural background is as follows: On 6 January 1997, defendant pled guilty to three counts of common law robbery. Defendant was given an active sentence followed by 36 months' probation. After serving his active sentence, defendant began his 36-month supervised probationary term on 26 August 2003. Thus, the probationary term was set to expire in August of 2006.
On 23 May 2005, defendant was charged in Mecklenburg County with assault on a female. Defendant was thereafter held in custody at the Mecklenburg County Jail with bond set in the amount of $3,000.
Sometime prior to 9 June 2005, defendant was released from Mecklenburg County Jail; however, defendant made no contact with his probation officer Paulette McDaniel ("McDaniel"), and his whereabouts were unknown. On 6 June 2005, McDaniel issued a probation violation report ("Violation Report I"). Violation Report I provided that defendant had violated the terms of his probation by failing to pay his monetary conditions of probation, failing to obtain prior approval for a change of address, failing to provide notice of any such change in address, failing to provide verifiable employment information, and committing a criminal offense in Mecklenburg County.
On 27 June 2005, the State filed Violation Report I with the Forsyth County Clerk of Superior Court. An Order for Arrest based on Violation Report I had also been issued on 9 June 2005. McDaniel considered defendant to be an absconder and turned defendant's file over to a surveillance officer, charged with the duty of locating defendant.
On 3 March 2007, outside of defendant's 36-month probationary period, defendant was arrested by the Mecklenburg Police Department and was provided with notice of a 9 April 2007 probation revocation hearing in Forsyth County. Defendant failed to appear. On 29 May 2007, defendant was arrested again and served with: (1) the June 2005 Order for Arrest; and (2) notice that a probation revocation hearing was scheduled for 2 July 2007. On 5 June 2007, defendant moved to dismiss the State's probation violation allegations on the grounds that the trial court lacked subject matter jurisdiction to revoke defendant's probation due to the State's failure to make a reasonable effort to hold a revocation hearing prior to the expiration of defendant's probationary term.
On 6 June 2007, the State filed a second probation violation report ("Violation Report Addendum"), alleging that defendant had violated a regular term of his probation by failing to "[r]emain within the jurisdiction of the Court."
On 5 July 2007, the trial court denied defendant's motion to dismiss and continued the revocation hearing until the next day. Following the revocation hearing, Judge Ronald E. Spivey found defendant to be in willful violation of the terms of his probation and activated defendant's suspended sentence of 16 to 20 months' imprisonment.
On appeal, defendant contends that the trial court lacked subject matter jurisdiction to revoke defendant's probation because the conditions of N.C. Gen. Stat. § 15A-1344(f)(2007) were not satisfied. Specifically, defendant argues that the evidence was insufficient to support the trial court's finding that the State made a "reasonable effort" to notify defendant and conduct the revocation hearing earlier as required by § 15A-1344(f). We disagree.
"A court's jurisdiction to review a probationer's compliance with the terms of his probation is limited by statute."State v.Hicks, 148 N.C. App. 203, 204, 557 S.E.2d 594, 595 (2001). In State v. Camp, 299 N.C. 524, 527, 263 S.E.2d 592, 594 (1980), Justice Huskins wrote:
When a sentence has been suspended and defendant placed on probation on certain named conditions, the court may, at any time during the period of probation, require defendant to appear before it, inquire into alleged violations of the conditions, and, if found to be true, place the suspended sentence into effect. G.S. 15A-1344(d) (Supp. 1979). But the State may not do so after the expiration of the period of probation except as provided in G.S. 15A-1344(f).
Id. (citations omitted).
N.C. Gen. Stat. § 15A-1344(f) provides that once the probationary term has expired, the court may revoke probation if the following conditions are satisfied:
(1) Before the expiration of the period of probation the State has filed a written motion with the clerk indicating its intent to conduct a revocation hearing; and
(2) The court finds that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier.
N.C. Gen. Stat. § 15A-1344(f).
We have held that in order to satisfy the requirements of § 15A-1344(f), "three conditions must be met: [1] the probationer must have committed a violation during his probation, [2] the State must file a motion indicating its intent to conduct a revocation hearing, and [3] the State must have made a reasonable effort to notify the probationer and conduct the hearing sooner." State v. Cannady, 59 N.C. App. 212, 214, 296 S.E.2d 327, 328 (1982).[1]
In the instant case, the first two conditions of N.C. Gen. Stat. § 15A-1344(f) are not at issue. First, defendant does not dispute that he committed a violation during his probation. Second, the trial court found that the State expressed its intent to conduct a revocation hearing within the 36-month probationary term by filing Violation Report I on 27 June 2005. The issue before us on appeal is whether the State's evidence was sufficient to support a finding by the trial court that the State made a "reasonable effort" to conduct the hearing earlier.
N.C. Gen. Stat. § 15A-1344 does not specifically define what actions constitute a "reasonable effort." We have held that "[i]n the context of this statute that would mean those actions a reasonable person would pursue in seeking to notify defendant of his probation violation and conduct a hearing on the matter."State v. Burns, 171 N.C. App. 759, 762, 615 S.E.2d 347, 349 (2005). For example, the mere issuance of an arrest warrant, where the State makes no effort to serve such warrant and there is no evidence that a defendant is an absconder, does not constitute a "reasonable effort" under N.C. Gen. Stat. § 15A-1344(f)(2).Burns, 171 N.C.App. at 760, 615 S.E.2d at 348. However, in State v. High, 183 N.C. App. 443, 448, 645 S.E.2d 394, 397 (2007), we held the trial court's findings that (1) a defendant had absconded and (2) the probation officer turned the case over to a surveillance officer who, from time to time, checked to see if the defendant had been arrested supported the trial court's conclusion that the State had made a "reasonable effort" as required by N.C. Gen. Stat. § 15A-1344(f).
Here, the facts are analogous to the facts of High. The State presented the sworn testimony of defendant's probation officer, McDaniel. McDaniel testified that by 3 June 2005, having had no contact from defendant, she considered defendant to be an absconder. She testified that she followed general operating procedures by turning defendant's file over to a surveillance officer. Additionally, she testified to the general duties of surveillance officers, which include conducting regular checks to see if a defendant had been apprehended in any other county. Although McDaniel could not recall the name of the original surveillance officer to whom she turned over defendant's file, she did testify that John Collins was the surveillance officer who ultimately served defendant.
While we believe that the better practice would have been for the State to have called the surveillance officer involved in this case to testify in regard to the specific measures taken to locate defendant, as a practical matter, we recognize that surveillance officers have heavy case loads and busy schedules. We find that McDaniel's testimony that she turned the case over to a surveillance officer, combined with the other evidence contained in the record showing that defendant was an absconder during the period of time between the filing of Violation Report I and the expiration of defendant's probationary term, constitutes the bare minimum evidence necessary to support the trial court's "reasonable effort" finding.[2] Because all of the other requirements of § 15A-1344(f) have been satisfied and the trial court made all of statutorily mandated findings of § 15A-1344(f), we conclude that the trial court was vested with subject matter jurisdiction to revoke defendant's probation. Accordingly, we affirm.
Affirmed.
Judges STEELMAN and ARROWOOD concur.
Report per Rule 30(e).
NOTES
[1] For future reference, we note that the General Assembly has rewritten N.C. Gen. Stat. § 15A-1344(f). 2008 N.C. Sess. Laws ch. 129, § 4. For probation violation hearings that occur on or after 1 December 2008, a finding that the State has made a reasonable effort to notify the probationer and to conduct the hearing earlier is no longer necessary to vest the trial court with jurisdiction over the matter. Id. This legislation, however, is not applicable to the case sub judice.
[2] We also note that pursuant to N.C. Gen. Stat. § 8C-1, Rule 1101(b)(3) (2007), the North Carolina Rules of Evidence are inapplicable to proceedings revoking probation.