An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1245

Filed: 19 May 2015

Beaufort County, Nos. 09 CRS 51863, 10 CRS 51469, 12 CRS 50693-95

STATE OF NORTH CAROLINA,

v.

DEEQUAN JAHEED MCKINNEY, Defendant.

Appeal by Defendant from judgments entered 27 June 2014 by Judge Wayland J. Sermons, Jr. in Beaufort County Superior Court. Heard in the Court of Appeals 18 March 2015.

*Attorney General Roy Cooper, by Tamika L. Henderson, for the State.*

*Appellate Defender Staples Hughes, by Jillian C. Katz, for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Deequan Jaheed McKinney ("Defendant") appeals from the trial court's judgments revoking his probation and activating his suspended sentence in file number 09 CRS 51863. He contends the trial court lacked jurisdiction to do so. We agree, vacate that portion of the judgment, and remand the case for a new sentencing hearing.

## I. Factual & Procedural History

On 17 December 2010, pursuant to a plea agreement, Defendant pled guilty to fourteen acts with offense dates in 2009 and 2010. The trial court consolidated these acts into three judgments. The first is labeled 10 CRS 50267 and, in this case, Defendant was sentenced to 6-8 months' imprisonment. The second—at issue on appeal—is labeled 09 CRS 51863 and, in this case, Defendant was given a suspended prison sentence of 6-8 months and placed on 24 months' supervised probation, which was to start at the expiration of his sentence for 10 CRS 50267. These acts had offense dates in July 2009. The third is labeled 10 CRS 51469 and, in this case, Defendant was given a suspended prison sentence of 13-16 months and placed on 24 months' supervised probation, which was set to start once his sentence in file number 09 CRS 51863 expired. Because Defendant's probation for the second case was set to start upon his being released from prison for the first case, the latest date on which the 24-month probationary period for file number 09 CRS 51863 ended was 17 August 2013.[1]

On 5 April 2012, three arrest warrants were issued for Defendant on six new acts with offense dates in 2012. On 14 May 2012, a grand jury indicted Defendant on

---

[1] In his brief, Defendant included a document entitled "DOC records," which indicates Defendant was released from prison for file number 10 CRS 50267 on 24 February 2011 and therefore, his probation for file number 09 CRS 51863 began on that date. The State, in its brief, challenged the DOC records document, stating "a party should not be allowed to rely on new evidence on appeal to support a claim of error that was never presented to the trial court below." Because the exact date on which Defendant completed the first judgment is irrelevant for purposes of this appeal, we have elected, without evidentiary support, to presume Defendant served the maximum 8 months in file number 10 CRS 50267 and that, therefore, his 24-month probationary period in file number 09 CRS 51863 began on 17 August 2011 and ended on 17 August 2013.

each of these charges, which were consolidated into three cases and labeled 12 CRS 50693-95 (the "2012 cases").

On 5 October 2012, Defendant was charged with driving while licensed revoked ("DWLR"). On 28 February 2014, he was convicted of DWLR. On 22 May 2014, Defendant's probation officer filed a violation report as to his order of probation under file number 09 CRS 51863, alleging, *inter alia*, Defendant was "CONVICTED OF DWLR[] . . . ON 2/28/14, WHICH IS A VIOLATION OF OFFENDER'S PROBATION."

On 24 June 2014, Defendant was tried for the 2012 cases and found guilty by a jury of all charges. At the sentencing hearing which immediately followed the jury trial, the trial judge heard Defendant's pending probation violations and activated his suspended sentences in file numbers 09 CRS 51863 and 10 CRS 51469, due to the 28 February 2014 DWLR conviction, prior to sentencing Defendant for file numbers 12 CRS 50693-95. Defendant appealed.

## II. Analysis

Defendant contends the trial court lacked jurisdiction to revoke his probation and activate his suspended sentence in file number 09 CRS 51863. Specifically, Defendant argues this order of probation was not subject to a tolling period and, therefore, his probationary term had expired before the 24 June 2014 hearing. We agree.

This Court reviews *de novo* whether a trial court has subject matter jurisdiction to revoke a probationer's probation. *State v. Satanek*, 190 N.C. App. 653, 656, 660 S.E.2d 623, 625 (2008). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (internal quotation marks and citations omitted).

**A. Inapplicability of Tolling Provisions**

"A court's jurisdiction to review a probationer's compliance with the terms of his probation is limited by statute." *State v. Burns*, 171 N.C. App. 759, 760, 615 S.E.2d 347, 348 (2005) (internal quotation marks and citation omitted). N.C. Gen. Stat. § 15A-1344(d) provides in pertinent part: "If a probationer violates a condition of probation at any time prior to the expiration or termination of the period of probation, the court . . . may revoke the probation and activate the suspended sentence imposed at the time of initial sentencing[.]" N.C. Gen. Stat. § 15A-1344(d) (2013).

Prior to 1 December 2009, N.C. Gen. Stat. § 15A-1344(d) included a provision[2] which automatically tolled the probationary term of any probationer charged with a crime whose conviction might result in a violation of the terms of his probation. *See*

---

[2] This provision stated: "The probation period shall be tolled if the probationer shall have pending against him criminal charges in any court of competent jurisdiction, which, upon conviction, could result in revocation proceedings against him for violation of the terms of this probation." N.C. Gen. Stat. § 15A-1344(d) (2008) (repealed 2009).

N.C. Gen. Stat. § 15A-1344(d) (2008) (repealed 2009). In July 2009, the N.C. General Assembly repealed this tolling provision as to "[probation violation] hearings held on or after December 1, 2009[,]" and simultaneously added N.C. Gen. Stat. § 15A-1344(g), which contained a virtually identical tolling provision[3] that "bec[a]me[] effective December 1, 2009, and applie[d] to offenses committed on or after that date." 2009 N.C. Sess. Laws 667, 679, ch. 372, § 20. As this Court recently concluded, these probationary tolling provisions are inapplicable to probationers whose probationary term was the creature of an offense committed before 1 December 2009 and whose probation violation hearing occurred after 1 December 2009. *See State v. Sitosky*, __ N.C. App. __, __, 767 S.E.2d 623, 625 (2014), *disc. review denied*, __ N.C. __, 768 S.E.2d 847 (2015).

In *Sitosky*, the defendant was placed on probation in 2008 for offenses she committed in 2007. *Id.* at __, 767 S.E.2d at 625. The defendant's probation officer filed multiple violation reports throughout her probationary term, which were heard at a violation hearing in 2014. *Id.* at __, 767 S.E.2d at 624. There, the defendant admitted to several violations, and the trial court revoked her probation and activated her suspended sentences. The defendant appealed.

---

[3] This provision stated: "If there are pending criminal charges against the probationer in any court of competent jurisdiction, which, upon conviction, could result in revocation proceedings against the probationer for violation of the terms of this probation, the probation period shall be tolled until all pending criminal charges are resolved." N.C. Gen. Stat. § 15A-1344(g) (2009) (repealed 2011). Effective 1 December 2011, this provision was repealed. *See* 2011 N.C. Sess. Laws 84, 87, ch. 62, § 3-4. Currently, no probationary tolling provisions exist. *See* N.C. Gen. Stat. § 15A-1344 (2014).

The State argued there, as it does here, the N.C. General Assembly's repeal of N.C. Gen. Stat. § 15A-1344(d)'s tolling provision and simultaneous insertion of a similar one at N.C. Gen. Stat. § 15A-1344(g) indicates the tolling provisions were meant to continue without interruption and, therefore, they were in full effect as applied to the defendant and tolled her probationary period each time she acquired new criminal charges until those charges were resolved. This Court disagreed and concluded, based upon the plain language of the session law's effective repeal and enactment dates, the defendant in *Sitosky*, "who committed her offenses [underlying her probationary period] . . . *prior to 1 December 2009* but had her revocation hearing *after 1 December 2009*, was not covered by either statutory provision—§ 15A-1344(d) or § 15A-1344(g)—authorizing the tolling of probation periods for pending criminal charges." *Sitosky*, __ N.C. App. at __, 767 S.E.2d at 627. So too here.

We are bound by the prior rulings of this Court. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("[A] panel of the Court of Appeals is bound by a prior decision of another panel of the same court addressing the same question, but in a different case, unless overturned by an intervening decision from a higher court."). The offenses underlying Defendant's probation in 09 CRS 51863 were committed in July 2009—before 1 December 2009—and his revocation hearing was held on 27 June 2014—after 1 December 2009. Therefore, Defendant's probationary

term from file number 09 CRS 51863 was not subject to any tolling period, and his 24-month term expired, at the latest, on 17 August 2013.

## B. Expiration of Probationary Period

Generally, a trial court lacks jurisdiction to revoke a probationer's probation after the probationary term has expired; however, N.C. Gen. Stat. § 15A-1344(f) provides an exception if, *inter alia*, "[b]efore the expiration of the period of probation the State has filed a written violation report with the clerk indicating its intent to conduct a hearing on one or more violations of one or more conditions of probation. . . ." N.C. Gen. Stat. § 15A-1344(f) (2015).

Here, because Defendant's probationary term for file number 09 CRS 51863 never tolled, it expired on 17 August 2013 at the latest, and the trial court lacked jurisdiction after this date. Furthermore, jurisdiction for the trial court to revoke Defendant's probation was not conferred by the State's 22 May 2014 probation violation report, because this was filed after Defendant's probationary term had expired. Therefore, the trial court lacked jurisdiction to revoke Defendant's probation and activate his suspended sentence in file number 09 CRS 51863. We must vacate this portion of the trial court's judgment. *See Sitosky*, __ N.C. App. at __, 767 S.E.2d at 628.

## III. Conclusion

Based on this Court's holding in *Sitosky*, the trial court lacked jurisdiction to revoke Defendant's probation and activate the suspended sentence in file number 09 CRS 51863. Therefore, the portion of the trial court's judgment to that effect must be vacated, and the case must be remanded for a new sentencing hearing as to file numbers 10 CRS 51469 and 12 CRS 50693-95.

VACATED and REMANDED.

Judges STEPHENS and TYSON concur.

Report per Rule 30(e).