CALABRIA, Judge.
 

 *645
 
 Where the trial court failed to consider evidence of defendant's eligibility for conditional discharge pursuant to
 
 N.C. Gen. Stat. § 90-96
 
 , the judgment is vacated and the matter remanded for resentencing.
 

 I. Factual and Procedural Background
 

 On 17 November 2015, Travis Taylor Dail ("defendant") pleaded guilty to driving while impaired ("DWI") and possession of lysergic acid diethylamide ("LSD"). Per the plea agreement, defendant stipulated that he was a record level 1 for felony sentencing purposes, a record level 5 for DWI sentencing purposes, and that he would be placed on probation. In exchange, the State agreed to dismiss multiple additional drug possession charges against defendant. Pursuant to this plea agreement, on
 
 *646
 
 20 November 2015, the trial court sentenced defendant to a minimum of 3 months and a maximum of 13 months' imprisonment in the custody of the North Carolina Department of Adult Correction on the possession of LSD offense. The
 
 *739
 
 trial court suspended this sentence, instead sentencing defendant to 12 months of supervised probation. For the DWI offense, the trial court entered a suspended sentence, ordering defendant to be imprisoned for 30 days in the custody of the Misdemeanant Confinement program, and to surrender his license. In both judgments, the trial court entered findings on mitigating factors, finding that these outweighed any aggravating factors.
 

 On 25 November 2015, defendant filed a motion for appropriate relief ("MAR"), alleging that, at the plea hearing, defendant requested to be placed on conditional discharge probation pursuant to
 
 N.C. Gen. Stat. § 90-96
 
 , given that defendant had not previously been convicted of a felony. In his MAR, defendant further alleged that the trial court erred in both failing to permit conditional discharge, and in failing to make findings as to why conditional discharge was inappropriate. Defendant therefore moved to have his guilty plea withdrawn and the judgment stricken.
 

 On 29 March 2016, the trial court entered an order on defendant's MAR. The trial court found that, pursuant to the plea agreement, defendant stipulated that he was a record level 1 for felony purposes, record level 5 for DWI purposes, and that he would be placed on probation. The trial court also noted that "the defendant enjoyed the benefit of the dismissal of the following charges: felony possession of MDPV; possession of marijuana up to 1/2 ounce; possession of drug paraphernalia; simple possession of clonazepam 90-95 (D) (2); and, felony prescription and labeling 90-106." The trial court determined that defendant, in subsequently requesting conditional discharge, was asking the trial court "to act outside of the plea agreement by placing defendant on the 90-96 deferral program in contradiction to the terms of the plea agreement, a term not negotiated with the State." The trial court also stated that "defendant could not then and cannot now argue for something outside of the plea agreement. While the 90-96 program requires the consent of the defendant, the plea undercuts or supersedes consent to the 90-96 program because the defendant consented to probation as a term of his plea in lieu of the 90-96 program." The trial court concluded that defendant was barred from relief, and denied his MAR.
 

 On 12 April 2016, defendant filed a petition for writ of certiorari, alleging that the judgment against him was entered in error. Also on 12 April 2016, defendant appealed the judgment and denial of his
 
 *647
 
 MAR. On 29 April 2016, this Court granted defendant's petition for writ of certiorari.
 

 On 10 May 2016, the State filed a petition in the North Carolina Supreme Court for writ of certiorari, alleging that this Court lacked jurisdiction to review the denial of defendant's MAR, and seeking review of the 29 April 2016 order granting defendant's petition for certiorari. The State also filed a petition for a writ of supersedeas and motion for temporary stay, pending review of its petition for writ of certiorari. The Supreme Court granted the motion for temporary stay on 16 May 2016.
 

 On 19 August 2016, the Supreme Court entered its order on the State's motions. It dissolved the temporary stay, and denied supersedeas and certiorari. Correspondingly, this Court entered an order recognizing the denial of supersedeas and certiorari by the Supreme Court.
 

 II. Standard of Review
 

 " 'Questions of statutory interpretation are questions of law, which are reviewed
 
 de novo
 
 by an appellate court.' "
 
 State v. Jones
 
 ,
 
 237 N.C. App. 526
 
 , 530,
 
 767 S.E.2d 341
 
 , 344 (2014) (quoting
 
 State v. Largent,
 

 197 N.C. App. 614
 
 , 617,
 
 677 S.E.2d 514
 
 , 517 (2009) ).
 

 "[U]nder N.C.G.S. § 15A-1444(e), a defendant who has entered a plea of guilty is not entitled to appellate review as a matter of right, unless the defendant is appealing sentencing issues or the denial of a motion to suppress, or the defendant has made an unsuccessful motion to withdraw the guilty plea."
 
 State v. Pimental
 
 ,
 
 153 N.C. App. 69
 
 , 73,
 
 568 S.E.2d 867
 
 , 870,
 
 disc. review denied
 
 ,
 
 356 N.C. 442
 
 ,
 
 573 S.E.2d 163
 
 (2002).
 

 III. Conditional Discharge
 

 In his first argument, defendant contends that the trial court erred in entering a
 
 *740
 
 suspended sentence rather than a conditional discharge. We agree.
 

 Conditional discharge is an alternative sentence made available in
 
 N.C. Gen. Stat. § 90-96
 
 (2015). This statute provides that:
 

 Whenever any person who has not previously been convicted of (i) any felony offense under any state or federal laws; (ii) any offense under this Article; or (iii) an offense under any statute of the United States or any state relating to those substances included in Article 5 or 5A of Chapter 90 or to that paraphernalia included in Article 5B of Chapter 90 of the General Statutes pleads guilty to or is found guilty of (i) a misdemeanor under this Article
 
 *648
 
 by possessing a controlled substance included within Schedules I through VI of this Article or by possessing drug paraphernalia as prohibited by G.S. 90-113.22, or (ii) a felony under G.S. 90-95(a)(3), the court shall, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as it may require, unless the court determines with a written finding, and with the agreement of the District Attorney, that the offender is inappropriate for a conditional discharge for factors related to the offense.
 

 N.C. Gen. Stat. § 90-96
 
 (a).
 

 In the instant case, during the plea hearing, defense counsel alleged mitigating factors, and offered the following argument:
 

 This is his first conviction of any kind. I don't think he has even had a speeding ticket. He's eligible for 90-96, and I'd ask The Court to allow him to participate in that. He will be drug tested regularly while he is in that program, and I'm confident he could stay away from controlled substances. If he doesn't, he will have a conviction on his record.
 

 After discussing some additional mitigating factors, defense counsel once again requested that the trial court "allow [defendant] to participate in the 90-96 probation." Defense counsel also offered to present the court with the paperwork authorizing conditional discharge.
 

 In ruling on the plea agreement, the trial court would not permit conditional discharge, "in that [defendant] has already endured the benefit of dismissal for something else[,]" namely the other drug-related charges. After the trial court orally entered judgment, defense counsel once again raised the issue of conditional discharge. The trial court declined to reconsider. At no point did the State offer any opinion in favor of or against conditional discharge.
 

 Defendant contends that he was eligible to participate in the conditional discharge program, and that the trial court erred in refusing to let him participate in the program. Citing the statute, defendant contends that he was a first-time offender, and he consented to participation in the conditional discharge program, meaning that the statutory language "the court
 
 shall
 
 " constituted a mandate that the trial court could not ignore. In an affidavit filed after the trial court denied defendant's MAR, the assistant district attorney, Jodi Barlow ("Barlow"), also cited the
 
 *649
 
 statute, and explained that the court made no written findings of fact at the time of sentencing as to why defendant was an inappropriate candidate for sentencing under
 
 N.C. Gen. Stat. § 90-96
 
 . In addition, the plea agreement did not contemplate that the defendant could not be placed on probation pursuant to § 90-96. Finally, according to the affidavit, Barlow also "[did] not agree that the defendant is an inappropriate candidate for 90-96 probation[,]" in reference to the statutory requirement that the trial court could only refuse conditional discharge with the agreement of the district attorney.
 

 "This Court has held that 'use of the language "shall" is a mandate to trial judges, and that failure to comply with the statutory mandate is reversible error.' "
 
 State v. Antone
 
 ,
 
 240 N.C. App. 408
 
 , 410,
 
 770 S.E.2d 128
 
 , 130 (2015) (quoting
 
 In re Eades,
 

 143 N.C. App. 712
 
 , 713,
 
 547 S.E.2d 146
 
 , 147 (2001) ). It is clear, therefore, that where an eligible first-time offender consents to sentencing under the conditional discharge program, the "shall" language of
 
 N.C. Gen. Stat. § 90-96
 
 constitutes a "mandate to trial judges," and that failure to comply with that mandate constitutes reversible error.
 

 *741
 
 It is undisputed that, at the plea hearing, defendant sought sentencing under
 
 N.C. Gen. Stat. § 90-96
 
 , and that such a motion could constitute consent to the statute's provisions. The State contends, however, that defendant did not present evidence that he qualified under
 
 N.C. Gen. Stat. § 90-96
 
 for conditional discharge. The State notes that
 
 N.C. Gen. Stat. § 90-96
 
 does not explicitly state whether the burden is on a defendant to show that he qualifies for conditional discharge, or on the State to show that he does not. As such, the State contends that the burden is on the defendant, and that in the instant case, defendant failed to meet that burden.
 

 N.C. Gen. Stat. § 90-96
 
 is in Chapter 90 of the General Statutes, a chapter entitled "MEDICINE, ALLIED OCCUPATIONS[.]" The applicable article is Article 5, "CONTROLLED SUBSTANCES ACT[.]"
 
 See
 

 N.C. Gen. Stat. § 90-96
 
 . Our Court has stated that
 

 [t]his statute [, North Carolina General Statute § 90-96 ] does not discuss in further detail the procedures the court should follow when a defendant violates a term or condition. In the absence of specifically enumerated procedures, those procedures set forth in Article 82 of Chapter 15A of our General Statutes regarding probation violations should apply.
 

 *650
 

 State v. Burns
 
 ,
 
 171 N.C. App. 759
 
 , 761,
 
 615 S.E.2d 347
 
 , 349 (2005). While North Carolina General Statute § 90-96 has been amended since 2005 when
 
 Burns
 
 was filed, and this case does not deal with the violation portion of North Carolina General Statute § 90-96, we still find
 
 Burns
 
 instructive because it indicates that the general criminal sentencing statutes fill in the gaps in North Carolina General Statute § 90-96.
 
 See
 

 id
 
 .
 

 While the State relies upon a series of cases for its argument that the burden of proving a prior record, including a prior expungement, should be upon the defendant, none of the cases address sentencing under North Carolina General Statute § 90-96 or prior record levels; in fact, but for three cases regarding mitigating factors none of the cases are even regarding sentencing. Noticeably missing from the State's citation list is the controlling statute.
 
 See generally
 
 N.C. Gen. Stat. § 15A-1340.14(f) (2015) (requiring the State to bear the burden of proving prior convictions). The general sentencing statutes, which control here,
 
 see
 

 Burns
 
 ,
 
 171 N.C. App. at 761
 
 ,
 
 615 S.E.2d at 349
 
 , place the burden of demonstrating prior convictions on the State: "The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." N.C. Gen. Stat. § 15A-1340.14(f). We hold that, pursuant to the logic in
 
 Burns
 
 , the Chapter 15A provisions control where North Carolina General Statute § 90-96 is silent; therefore, the burden is on the State to establish that defendant is not eligible for conditional discharge by proving defendant's prior record.
 

 Notwithstanding the fact that the State had the burden at trial, it is clear that the trial court did not afford either party the opportunity to establish defendant's eligibility or lack thereof. According to the transcript, since multiple charges against defendant were dismissed pursuant to the plea agreement, the trial court had no inclination to consider conditional discharge. At no point in the proceedings did the trial court acknowledge defense counsel's argument with respect to conditional discharge, except for one remark, when the court stated that it "will not entertain the deferred prosecution in that [defendant] has already endured the benefit of dismissal for something else." Since the trial court used the outdated term "deferred prosecution" instead of "conditional discharge," it is questionable whether the court even recognized defense counsel's argument with respect to
 
 N.C. Gen. Stat. § 90-96
 
 .
 

 We therefore vacate the trial court's judgment, and remand this matter to the trial court for a new sentencing hearing. The trial court shall follow the procedure for the consideration of eligibility for conditional discharge as prescribed by statute.
 

 *651
 
 North Carolina General Statute § 90-96 addresses the procedure for determining a defendant's eligibility, as is reflected on Form AOC-CR-237, Rev. 12/15.
 
 See
 

 N.C. Gen. Stat. § 90-96
 
 . In fact, the form provides
 
 *742
 
 for the trial court to request a report from the Administrative Office of the Courts to determine a defendant's eligibility for a conditional discharge under North Carolina General Statute § 90-96. This report can be requested either in advance of a defendant's trial or guilty plea or at the time of a guilty plea or verdict, the latter situation being applicable to this case. If the report is requested in advance of the trial or plea,
 
 both
 
 the defendant and State must jointly complete the form for entry by the trial court. This procedure ought to have been followed in the instant case, and upon remand, the trial court shall request a report from the Administrative Office of the Courts, as mandated by statute.
 

 IV. Written Finding
 

 In his second argument, defendant contends that the trial court erred in failing to make a written finding regarding whether conditional discharge was appropriate for defendant's sentence. Because we vacate the trial court's judgment, we need not address this argument.
 

 VACATED AND REMANDED.
 

 Judge STROUD concurs.
 

 Judge BRYANT concurs in separate opinion.
 

 BRYANT, Judge, concurring by separate opinion.
 

 I concur with the majority opinion that the trial court erred by failing to follow the mandate of section 90-96. Because defendant met the eligibility requirements of section 90-96 and the assistant district attorney ("ADA") did not state that defendant was "inappropriate for conditional discharge," the statutory mandate required the trial court to enter a conditional discharge.
 

 I write separately to express my concern about how a trial judge can be sandbagged by a defendant who enters a plea agreement that does not expressly include conditional discharge. I use the term "sandbagged" here to mean that a defendant may enter a plea before a judge pursuant to a plea agreement; the agreement may place him within the eligibility requirements of section 90-96, even though the plea agreement does not expressly reference the conditional discharge; and (notwithstanding the
 
 *652
 
 judge's desire) if the ADA does not agree that the conditional discharge is inappropriate, the trial judge may be compelled to enter the conditional discharge. Thus, if a section 90-96 conditional discharge is to be included in a plea agreement between the prosecutor and a defendant, it should be made known to the judge prior to entry of the plea. Otherwise, once a trial judge accepts the plea of a defendant who is statutorily eligible for a section 90-96 conditional discharge, even if the trial judge considers the defendant an inappropriate candidate due to factors related to the offense, the trial judge has no discretion but to allow the conditional discharge, unless the ADA agrees that the offender is inappropriate.
 

 In this case, defendant had prior charges for possessing a weapon on educational property and reckless driving. Both charges were dismissed after completing a deferral program. At the time of the plea agreement, defendant had pending charges for DWI, felony possession of LSD, felony possession of MDPV, felony prescription and labeling, possession of marijuana, possession of drug paraphernalia, and simple possession of clonazepam. The plea agreement allowed defendant to plead guilty to DWI and possession of LSD, and dismiss the remaining drug charges. Because defendant had no prior felony or drug
 
 convictions
 
 , he was eligible for a section 90-96 conditional discharge. Notwithstanding his technical eligibility, it is clear that a reasonable trial judge could consider defendant inappropriate for a section 90-96 conditional discharge because of his other drug charges (involving different types of drugs), which were dismissed as part of the plea agreement and his prior deferments.
 

 As discussed in the majority opinion, there is a form procedure that can be used to determine a defendant's eligibility for the section 90-96 conditional discharge prior to entry of a plea. It appears that District Court judges regularly use this process, while Superior Court judges use it less so. Such a procedure should be used to help ensure that errors of this type do not recur. Also, judges
 
 *743
 
 should be vigilant to make sure they maintain their discretion to determine whether to accept or reject a plea by understanding the full extent of the plea bargain. Otherwise, pursuant to the statute, unless the prosecutor (and the defendant) agree that an eligible defendant is not appropriate for a section 90-96 conditional discharge, once the plea is entered, the trial judge must allow the conditional discharge.