STATE OF NORTH CAROLINA v. WILLIE BEST

No. 708SC520

(Filed 16 December 1970)

1. Criminal Law § 145.1— revocation of probation — service of warrant upon defendant

Upon findings that the defendant had wilfully violated the conditions of his probation in certain respects, including a finding that the defendant had changed his residence without the knowledge or consent of his probation officer, the superior court judge had authority to order defendant's probation revoked and his prison sentence put into effect, notwithstanding no probation violation warrant was served on defendant during the period of probation.

2. Criminal Law § 145.1— revocation of probation — service of warrant on defendant

A probation violation warrant may be issued at any time during the period of a defendant's probation, but it is not required that the defendant be apprehended and brought into court for hearing within that time. G.S. 15-200.

APPEAL by defendant from *Bundy, J.,* May 1970 Session of WAYNE Superior Court.

On 10 November 1966 defendant pleaded guilty in Wayne Superior Court to a charge of forgery and was sentenced to prison for a term of not less than two nor more than three years. The prison sentence was suspended and defendant placed on probation for a period of three years. Usual conditions of probation were imposed, including that defendant report to the probation officer as directed. A special condition of probation was that defendant not move his place of residence without the written consent of the probation officer.

On 5 November 1969 Judge Howard H. Hubbard, Judge presiding at the November 1969 Session of Wayne Superior Court, acting on a report from the probation officer that defendant had willfully violated conditions of the probation judgment in several specifically designated respects, including that he had failed to report and had moved his place of residence without the consent of the probation officer, ordered a probation violation warrant to be issued for defendant's arrest. Pursuant to this order and on the same date, a capias was issued and delivered to the sheriff for service. On 6 November 1969 the capias was returned unserved with the notation thereon by the sheriff: "Though diligently sought, defendant could not be found in this county. He is believed to be Unknown."

On 6 May 1970 the probation officer again filed a report with the court alleging that defendant, during the three-year probationary period, had violated the terms and conditions of the probation judgment in several specifically designated respects, again including the allegation that defendant had failed to report and had moved his place of residence without consent of the probation officer. On the same day this report was filed, the probation officer, pursuant to G.S. 15-200.1, gave defendant, who was in jail on a different matter, a copy of the probation violation report and notified defendant in writing of his intention to pray the court to revoke defendant's probation and to put the suspended prison sentence into effect.

The matter was heard on 7 May 1970 by Judge William J. Bundy, Judge presiding at the May 1970 Session of Wayne Superior Court, the defendant being present in person and being represented by counsel. At the hearing the probation officer testified that on or about 30 July 1967 the defendant had left his place of residence in Goldsboro, that defendant did not at any time have the probation officer's permission to move, and that defendant's place of residence still remained unknown to the probation officer. On cross-examination, the probation officer testified that the first time anything was served on defendant because of alleged probation violation was in April 1970, when defendant was in jail on an entirely different matter, and that the April 1970 notice, to which a copy of Judge Hubbard's arrest warrant was attached, and the amended notice served in May 1970, while defendant was still in jail, were the only papers he had served on defendant since defendant was placed on probation.

After hearing, Judge Bundy entered an order finding that defendant had willfully violated conditions of the probation judgment in certain specified respects, including a finding that on or about 30 July 1967 he had changed his place of residence to a place unknown to the probation officer without securing the written consent of the probation officer. On these findings the court in its discretion ordered defendant's probation revoked and his prison sentence put into effect. From this order, defendant appealed.

*Attorney General Robert Morgan by Staff Attorney Ernest L. Evans for the State.*

*Herbert B. Hulse and George F. Taylor for defendant appellant.*

PARKER, Judge.

[1] Defendant does not contest the court's findings that he had willfully violated various conditions of his probation during his probationary period. His sole contention is that, no probation violation warrant having been served upon him during the period of his probation, the court thereafter lacked power to order his probation revoked and his prison sentence put into effect. He argues that the language of G.S. 15-200 required this result. We do not agree.

The statute referred to contains the following:

"§ 15-200. *Termination of probation, arrest, subsequent disposition.*

". . . . At any time during the period of probation or suspension of sentence, the court may issue a warrant and cause the defendant to be arrested for violating any of the conditions of probation or suspension of sentence. Any police officer, or other officer with power of arrest, upon the request of the probation officer, *may arrest a probationer without a warrant.* . . . Upon such arrest, with or without warrant, the court shall cause the defendant to be brought before it in or out of term and may revoke the probation or suspension of sentence, and shall proceed to deal with the case as if there had been no probation or suspension of sentence. If at any time during the period of probation or suspension of sentence a warrant is issued and the defendant is arrested for a violation of any of the conditions of probation or suspension of sentence, or in the event any person is arrested at the instance of a probation officer, the defendant shall be allowed to give bond pending a hearing before the judge of the court. . . ."

[2] Defendant argues that the quoted language of the statute must be interpreted to require that the warrant not only be issued but that it also be actually served on the defendant and he be taken into custody during the probationary period, else the court lacks power to hear the matter. Such a construction, which obviously rewards the defaulting probationer for his skill in eluding the officers, is, in our opinion, required neither by reason nor authority. Applied in the present case, such a construction would result in the anomaly that, by the simple expedient of violating the conditions of his probation which required him to report to his probation officer and not to move

his place of residence without the officer's consent, defendant could obtain immunity for his violations in all other respects. We do not believe the Legislature intended so strange a result. In our opinion, G.S. 15-200 authorizes issuance of a probation violation warrant at any time during the period of probation; it does not require that the defendant be apprehended and brought into court for hearing within that time. This construction is consistent with that which our Supreme Court has placed on G.S. 15-1, which provides a two-year limitation period on misdemeanor cases. The Court in *State v. Williams,* 151 N.C. 660, 65 S.E. 908, held that an indictment or presentment marks the beginning of the prosecution so as to toll the statute of limitations, even though defendant be apprehended and tried more than two years after the offense was committed.

Our construction of G.S. 15-200 is also supported by the decision in *State v. Pelley,* 221 N.C. 487, 20 S.E. 2d 850. In that case judgment was entered on 18 February 1935 sentencing defendant to prison. The prison sentence was suspended and defendant placed on probation for a period of five years on certain conditions. On 19 October 1939 a capias was issued and returned marked, "[d]ue search made and defendant not to be found in Buncombe County or the State of North Carolina." Efforts to locate defendant continued. He was arrested on 10 February 1940 by police authorities in Washington, D. C., upon an *alias* capias issued by the North Carolina Court. He fought extradition and was not brought before the North Carolina Superior Court on the matter of revocation of his probation until January 1942, which was almost two years after expiration of his probationary period. The Superior Court, after hearing evidence, found defendant had violated conditions of his probation and ordered the probation revoked and the prison sentence put into effect. On appeal, our Supreme Court affirmed, and in an opinion by Denny, J., said (p. 498) :

> "The failure to enter judgment within the five-year period, prescribed in the original judgment, was not due to the lack of diligence on the part of the court, but was chargeable solely to the conduct of defendant. Therefore, we hold that the court had not lost jurisdiction of the defendant by reason of the lapse of time and that the court had power to enter judgment at January Term, 1942, of the Superior Court of Buncombe County."

*State v. Pelley, supra,* is clear authority that if a probation violation warrant and order of arrest is issued during the probationary period, a valid probation revocation hearing may be held and order entered after the period of probation has expired, at least in situations where the delay is not due to any lack of diligence on the part of the probation authorities or the court. It is true that in *Pelley* the defendant was arrested out of the State a few days before the probation period expired, while in the present case the defendant was not found and served until after his probation period had expired. However, *Pelley* does not hold that the arrest would have been invalid if made after expiration of the probationary period. Nor is the holding in *Pelley* limited, as appellant here contends, only to cases in which the violating probationer flees the State in order to avoid arrest. We see no valid reason why the holding should not also apply to cases in which the violating probationer keeps himself concealed within the State, particularly where, as here, it is a condition of his probation not only that he keep his probation officer informed as to his whereabouts but that he not move at all without the officer's consent.

The order appealed from is

Affirmed.

Chief Judge MALLARD and Judge GRAHAM concur.