STATE OF NORTH CAROLINA v. MICHAEL LOVELLE CANNADY

No. 826SC111

(Filed 19 October 1982)

**Criminal Law § 143.8— probation and suspended sentence—crime after probation period—revocation of suspension of sentence**

Where defendant was placed on supervised probation for one year and his prison sentence was suspended for three years, his probation could not be revoked because of his convictions of misdemeanor breaking and entering and larceny which occurred eight months after the one-year probation period had expired, even though his probation officer had filed a probation violation report before the probation period expired alleging other probation violations. However, the court could revoke the suspension of defendant's sentence on the basis of the breaking and entering and larceny convictions.

APPEAL by defendant from *Allsbrook, Judge.* Judgment entered 16 October 1981 in Superior Court, NORTHAMPTON County. Heard in the Court of Appeals 14 September 1982.

The facts are as follows. On 23 July 1979, defendant pleaded guilty to felonious breaking and entering. On 24 July 1979, Judge Barefoot sentenced defendant to not less than three nor more than five years, suspended for three years upon compliance with the following conditions: (1) that defendant not violate any state or federal laws; (2) that defendant be placed on probation for one year under the usual terms and conditions of probation; and (3) that defendant pay the court costs under the supervision of his probation officer.

On 14 January 1980, probation officer Kenneth L. Bazemore filed a violation report stating that he had probable cause to believe that defendant violated the terms of his probation. The alleged violations were: (a) that in open court defendant stated that he resided with his aunt in Rocky Mount, N.C., and had since changed his residence to an address unknown to the probation officer; and (b) that defendant had refused to pay court costs of $219.00.

An order for arrest was issued 15 January 1980. It was not executed. Defendant was eventually arrested 11 June 1981.

Probation officer Bazemore filed another violation report on 12 June 1981. It stated that he had probable cause to believe:

(a) that defendant changed his residence without notifying probation officer; and (b) that on 21 March 1981, defendant committed a felonious breaking and entering and larceny to which defendant pleaded guilty to misdemeanor breaking and entering and larceny and received a two-year suspended sentence. This violated the condition of probation that defendant not commit any criminal offense.

Although the judge failed to find any probation violation that occurred during the one-year period of probation, he concluded that defendant willfully violated a condition of his probation by committing the breaking and entering and larceny. He revoked the probation and the suspension of the sentence, and ordered defendant confined in prison for not less than three nor more than five years.

Defendant appealed from this order.

*Attorney General Edmisten, by Assistant Attorney General Robert L. Hillman, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Lorinzo L. Joyner, for defendant appellant.*

VAUGHN, Judge.

The only question addressed by the parties relates to the revocation of defendant's one-year probation judgment. Although not necessary to our disposition of the appeal, we will answer that question first.

When a sentence is suspended and defendant placed on probation on certain named conditions, the court may, after notice and hearing, modify or revoke probation at any time prior to the expiration or termination of the probation period. G.S. 15A-1344(d); *State v. Camp*, 299 N.C. 524, 263 S.E. 2d 592 (1980).

After the probation period has expired, probation may be revoked pursuant to G.S. 15A-1344(f) which provides:

Revocation after Period of Probation—The court may revoke probation after the expiration of the period of probation if:

(1) Before the expiration of the period of probation the State has filed a written motion with the clerk indicating its intent to conduct a revocation hearing; and

(2) The court finds that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier.

The official commentary to G.S. 15A-1344(f) states that "probation can be revoked and the probationer made to serve a period of active imprisonment even after the period of probation has expired if a violation occurred during the period and if the court was unable to bring the probationer before it in order to revoke at that time."

To satisfy G.S. 15A-1344(f), three conditions must be met: the probationer must have committed a violation during his probation, the State must file a motion indicating its intent to conduct a revocation hearing, and the State must have made a reasonable effort to notify the probationer and conduct the hearing sooner.

In this case, the three conditions were not satisfied. The order revoking defendant's probation was based solely on the breaking and entering and larceny offenses which occurred after the one-year probation period. The order stated:

That when the defendant was placed on probation on July 24, 1979, as set out above, he was directed both orally and in writing by the probation officer of the condition of probation that he "not commit any criminal offense"; that on or about March 21, 1981, the defendant committed the offense of breaking and entering and larceny; that at the June 11, 1981, term of the Nash County District Court, as set out above, the defendant entered a plea of guilty to the misdemeanor of breaking and entering and the misdemeanor of larceny; and that this is in willful violation of the condition of probation that he "not commit any criminal offense", in addition to being in violation of the aforesaid special condition of probation ordered by Judge Barefoot on July 24, 1979.

Since the probation violation in the order occurred eight months after the probation expired, the conditions of G.S.

---

State v. Cannady

---

15A-1344(f) were not met, and the court had no authority to revoke probation.

The State contends that when the first violation report was filed, the probationary period was tolled. According to the State, the failure to revoke the probation during the original term of the probation is attributable solely to defendant's lack of cooperation. This assertion has no merit. Probation may have tolled for the alleged violations in the first violation report which occurred during the probation period. *State v. Best,* 10 N.C. App. 62, 177 S.E. 2d 772 (1970). It was, however, the breaking and entering, not the alleged violations in the first report, which were considered by the trial court.

The statute clearly provides that the violation must have occurred during the probation period. The State may not file erroneous violation reports to toll the probation period, and then revoke probation for an action which occurred after the probation period ended.

The foregoing, however, will mean little to the defendant in this case. Although the court saw fit to place defendant on supervised probation for *one* year, his prison sentence was suspended for *three* years. One of the three conditions upon which the sentence was suspended was that defendant "not violate any state or federal law." It is undisputed that less than two years after the sentence was suspended, he entered a plea of guilty to the misdemeanor offenses of breaking and entering and larceny. "Absent specific prohibition by the Legislature, courts have the power to suspend sentence in their discretion." *In the Matter of Greene,* 297 N.C. 305, 310, 255 S.E. 2d 142, 146 (1979). Obviously, if the sentence is suspended on lawful conditions, the court can revoke the suspension for a violation that occurs during the term of the suspension, even though the act occurs after a period of supervised probation has expired.

For the reason stated, the judgment revoking the suspended sentence is

Affirmed.

Judges HEDRICK and HILL concur.