STATE OF NORTH CAROLINA v. JAMES CURTIS DANIELS, JR., DEFENDANT

No. COA06-478

(Filed 21 August 2007)

**Probation and Parole— probation revocation—reasonable effort to conduct hearing prior to expiration of probation**

The trial court had jurisdiction to revoke defendant's probation and activate the suspended sentence for assault with a deadly weapon inflicting serious injury, and the case is remanded to make sufficient material findings, because although the trial court's statutorily required findings of fact were incomplete since merely issuing a warrant for arrest is not a reasonable effort to conduct a hearing prior to the expiration of defendant's probation, there was sufficient additional evidence in the record to support a reasonable effort finding including: (1) calling defendant's employer only to be informed that defendant no longer worked there; (2) leaving a note at defendant's residence only to receive a phone call from defendant's mother saying he no longer lived there; (3) attempting to personally serve the warrant at defendant's residence but being unable to locate defendant; and (4) soliciting the help of a surveillance officer to locate defendant after the warrant was returned unserved.

Judge WYNN dissenting.

STATE v. DANIELS

[185 N.C. App. 535 (2007)]

Appeal by defendant from judgment entered 12 September 2005 by Judge Alma L. Hinton in Pitt County Superior Court. Heard in the Court of Appeals 5 June 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Scott K. Beaver, for the State.*

*Gilda C. Rodriguez for defendant-appellant.*

BRYANT, Judge.

On 3 April 2001, defendant James Curtis Daniels, Jr. was convicted of assault with a deadly weapon inflicting serious injury. The trial court sentenced him to a suspended term of twenty-nine to forty-four months imprisonment and placed him on supervised probation for thirty-six months.[1]

On 19 March 2003, three probation violation reports were filed alleging that defendant failed to comply with the terms of his probation. On 31 August 2005, the arrest warrant was served on defendant. Following a hearing on 12 September 2005, the trial court revoked defendant's probation and activated the suspended sentence. Defendant appeals contending that the trial court lacked jurisdiction to revoke his probation and the trial court's findings were insufficient and incomplete.

North Carolina General Statute Section 15A-1344(f) states:

(f) Revocation after Period of Probation.—The court may revoke probation after the expiration of the period of probation if:

(1) Before the expiration of the period of probation the State has filed a written motion with the clerk indicating its intent to conduct a revocation hearing; and

(2) The court finds that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier.

N.C. Gen. Stat. § 15A-1344(f) (2005). In *State v. Bryant*, the Supreme Court held that N.C.G.S. § 15A-1344(f) ". . . unambiguously requires the trial court to make a judicial finding that the State has made a reasonable effort to conduct the probation revocation hearing during the

---

1. The trial court attached several other intermediate punishments to defendant's sentence. Defendant was ordered to serve an active term of 217 days in the custody of Department of Correction and defendant was placed on intensive probation for six months.

period of probation set out in the judgment and commitment." 361 N.C. 100, 102-03, 637 S.E.2d 532, 534 (2006). Moreover, "[i]n the absence of statutorily mandated factual findings, the trial court's jurisdiction to revoke probation after expiration of the probationary period is not preserved." *Id.* at 103, 637 S.E.2d at 534.

Here the trial court made the following ruling regarding the State's burden of making a reasonable effort to conduct a hearing prior to the expiration of the probationary period: "I think that issuing an order for arrest on March 19th of 2003 was sufficient. That was [the State's] effort . . . and the efforts were reasonable as of March 19th, 2003. And that's my ruling." Technically, it appears the trial court made the statutorily required findings. However, this Court has previously held that merely issuing a warrant for arrest is not a "reasonable effort," in which case the trial court's findings of fact are incomplete. *See State v. Burns,* 171 N.C. App. 759, 762-63, 615 S.E.2d 347, 349-50 (2005) (The trial court's findings are to include "actions a reasonable person would pursue in seeking to notify defendant of his probation violation and conduct a hearing on the matter."). According to *Bryant,* " 'when [there is a failure] to make a material finding of fact . . ., the case must be remanded . . . for a proper finding . . . .' [However], when the record lacks sufficient evidence to support such a finding, the case should not be remanded in order to conserve judicial resources." *Bryant,* 361 N.C. at 104, 637 S.E.2d at 535 (citing *N.C. Dep't of Env't & Natural Res. v. Carroll,* 358 N.C. 649, 674-75, 599 S.E.2d 888, 904 (2004)).

In the instant case there is sufficient additional evidence in the record to support a reasonable effort finding. Specifically, the State presented evidence through sworn testimony that it made an effort to contact defendant prior to the expiration of his probation in the following ways: (1) calling defendant's employer, only to be informed that defendant no longer worked there; (2) leaving a note at defendant's residence, only to receive a phone call from defendant's mother saying that defendant no longer lived there;[2] (3) attempting to personally serve the warrant at defendant's residence, but being unable to locate defendant; and (4) soliciting the help of a surveillance officer to locate defendant after the warrant was returned unserved. Therefore, because there is sufficient evidence in the record to support a finding that the State made reasonable efforts to conduct a hearing prior to the expiration of defendant's probation, this case is

---

2. Defendant testified at trial that he had lived with his mother since the age of three, and denied having told his mother to tell authorities he no longer lived there.

remanded to the trial court to enter sufficient material findings. *See Bryant* at 104, 637 S.E.2d at 535.

Remanded.

Judge HUNTER concurs.

Judge WYNN dissents in a separate opinion.

WYNN, Judge dissenting.

"In the absence of statutorily mandated factual findings, the trial court's jurisdiction to revoke probation after expiration of the probationary period is not preserved." *State v. Bryant*, 361 N.C. 100, 103, 637 S.E.2d 532, 534 (2006). Here, the majority holds, and I agree, that the trial court failed to make the required statutory findings to preserve its jurisdiction to revoke Defendant's probation after the expiration of the period of probation. I, however, disagree with the majority's decision to remand this matter "to enter sufficient findings" because under *Bryant*, in the absence of the required statutory findings, this Court should vacate the order revoking Defendant's probation. In *Bryant*, the Supreme Court held that Section 15A-1334(f) of the North Carolina General Statute "unambiguously requires the trial court to make a judicial finding that the State has made a reasonable effort to conduct the probation revocation hearing during the period of probation set out in the judgment and commitment." *Id.* at 102-03, 637 S.E.2d at 534. Moreover, "[i]n the absence of statutorily mandated factual findings, the trial court's jurisdiction to revoke probation after expiration of the probationary period is not preserved." *Id.* at 103, 637 S.E.2d at 534. Furthermore, "[t]he statute makes no exception to this finding of fact requirement based upon the strength of the evidence in the record." *Id.*

Here, as in *Bryant*, the trial court failed to make the required statutory findings of fact. Accordingly, *Bryant* compels us to set aside the trial court's order revoking Defendant's probation. Additionally, as in *Bryant*, the State asks this Court to remand this matter to the trial court to make additional findings. However, in this case, "further proceedings are neither necessary nor advisable." *Id.* at 104, 637 S.E.2d at 535 (citation omitted).

Moreover, the majority states that it has found the necessary facts to support upholding the invocation of jurisdiction after the expiration of Defendant's probation:

Therefore, because there is sufficient evidence in the record to support a finding that the State made reasonable efforts to conduct a hearing prior to the expiration of defendant's probation, this case is remanded to the trial court to enter sufficient material findings.

Having so found and enumerated the findings of fact that would support the order in this case, the majority usurps the authority of the trial court to do the same by directing it to "enter sufficient findings of fact."

Because the trial court failed to make the statutorily mandated findings, this matter should be vacated.