STATE OF NORTH CAROLINA v. JOHN DOUGLAS SAVAGE

No. COA08-1217

(Filed 18 August 2009)

**Probation and Parole— revocation—expiration of term before order—State unable to locate defendant—findings**

A probation revocation was remanded for further findings (although defendant should not profit from his decision to abscond from his term of probation) where the probationary period had expired before the entry of the revocation order, and the unchallenged findings were that the probation officer was unable to locate defendant and unable to serve the warrant for the defendant's arrest. The record, transcript, lack of objection, and absence of subsequent ruling or explanation impeded review.

Appeal by defendant from an order entered 13 June 2008 by Judge Edwin G. Wilson, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 5 May 2009.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Donald R. Teeter, Sr., for the State.*

*Lucas & Ellis, PLLC, by Anna S. Lucas, for defendant-appellant.*

JACKSON, Judge.

John Douglas Savage ("defendant") appeals from judgment entered upon revocation of probation. For the following reasons, we remand.

On 23 September 2003, defendant pled no contest to one count of felonious possession of stolen goods. The trial court entered judgment suspending defendant's eleven to fourteen months term of imprisonment and placed him on supervised probation for twenty-four months.

On 3 January 2005, with more than eight months remaining on defendant's period of probation, defendant's probation officer filed a violation report alleging various violations of both the monetary and regular conditions of probation. The report further alleged that defendant had been charged with misdemeanor harassing phone calls and violating a domestic protective order in September 2004 and that

defendant was convicted of the crimes in October 2004. The probation officer filed another probation violation report that day further alleging that defendant (1) had left his residence on or about 16 November 2004 and failed to make his whereabouts known to his probation officer, and (2) had been charged with violating a domestic violence protective order in file number 04 CR 063092 and failed to appear for a 22 November 2004 court date. An order for defendant's arrest was issued based upon defendant's probation violations, and defendant eventually was arrested in March 2008.

On 13 June 2008, the trial court held a probation violation hearing. Defendant moved to dismiss for lack of subject matter jurisdiction. After hearing arguments from defendant and the State, the trial court denied the motion. On 16 July 2008, the trial court entered a written order denying the motion and finding that the probation officer's attempts to locate defendant constituted reasonable effort on the part of the State pursuant to North Carolina General Statutes, section 15A-1344(f). Defendant elected to serve the suspended sentence and the trial court ordered that defendant's probation be revoked. The trial court subsequently entered a judgment revoking defendant's probation and activating his suspended sentence. Defendant appeals.

Defendant contends that the trial court lacked subject matter jurisdiction to revoke his probation because the probationary period had expired prior to the trial court's entry of the probation revocation order. Defendant also asserts that the trial court erred in finding as fact that the State made reasonable efforts to notify defendant and conduct the probation revocation hearing pursuant to section 15A-1344(f) because the trial court's findings were not supported by sufficient evidence. We disagree.

A trial court's jurisdiction to review a defendant's compliance with the terms and conditions of probation is limited by statute. *State v. Hicks*, 148 N.C. App. 203, 204, 557 S.E.2d 594, 595 (2001). North Carolina General Statutes, section 15A-1344(f) allows revocation of probation after the probationary term has expired if:

(1) Before the expiration of the period of probation the State has filed a written motion with the clerk indicating its intent to conduct a revocation hearing; and

(2) The court finds that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier.

N.C. Gen. Stat. § 15A-1344(f) (2007).[1] We previously have instructed that "the probationer must have committed a violation during his probation, the State must file a motion indicating its intent to conduct a revocation hearing, and the State must have made a reasonable effort to notify the probationer and conduct the hearing sooner." *State v. Cannady*, 59 N.C. App. 212, 214, 296 S.E.2d 327, 328 (1982) (citing N.C. Gen. Stat. § 15A-1344(f)).

We review the trial court's judgment to determine " 'whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment.' " *State v. Simon*, 185 N.C. App. 247, 250, 648 S.E.2d 853, 855 (quoting *Sessler v. Marsh*, 144 N.C. App. 623, 628, 551 S.E.2d 160, 163 (2001)), *disc. rev. denied*, 361 N.C. 702, 653 S.E.2d 158 (2007).

In the case *sub judice*, the trial court made the following findings of fact:

1. On September 23, 2003, the Defendant was convicted in Nash County of Possession of Stolen Goods and was placed on probation.

2. On January 3, 2005 the Probation Officer filed a violation report with the Forsyth County Clerk of Superior Court alleging the Defendant failed to make his whereabouts known to his probation officer, failed to notify his probation officer of his current residence, and failed to appear for a November 22, 2004 Forsyth County court date.

3. An order of arrest was issued based on the Defendant's probation violations.

4. The Probation Officer made several efforts to locate the Defendant including checking the homeless shelters, leaving messages on the Defendant's door, checking the jail lists, and checking the hospitals.

5. The Probation Officer was unable to locate the Defendant and unable to serve the warrant for the Defendant's arrest.

---

1. The General Assembly has amended section 15A-1344(f)(2) so as to eliminate the "reasonable effort" requirement existing at the time this matter was considered below. *See* 2008 N.C. Sess. Laws 129. However, this amendment to section 15A-1344(f) is of no import in the case *sub judice* because it became effective on 1 December 2008. *See id.* The trial court conducted the hearing on 13 June 2008.

6. The Probation Officer then took the warrant to the police department.

7. The Defendant's probation expired on September 23, 2005.

8. The Order for Arrest was served on May 20, 2008[,] and the District Attorney was notified.

9. The probation hearing was held on June 13, 2008.

10. The Probation Officer's attempts to locate the Defendant constitute reasonable efforts on the part of the State.

Upon these findings, the court concluded that it retained jurisdiction pursuant to section 15A-1344(f) and denied defendant's motion to dismiss.

At the 13 June 2008 hearing, the following colloquy took place between the trial court and defendant's counsel:

THE COURT: So the probation violation [report] was filed January 3rd of 2005?

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: Looks like, what, an order for arrest was issued April the 18th?

[DEFENSE COUNSEL]: Yes, sir, Your Honor.

THE COURT: Well, I imagine they couldn't find him for four years, is that probably what happened?

[DEFENSE COUNSEL]: Probably true, Your Honor[.]

Counsel for the State subsequently explained:

Your Honor, the State will contend that the efforts were made in this case at first. The violation report first goes out January 3rd, 2005, then the order for arrest isn't issued until April 18th of 2005, and this period of time there are certain things that the State goes through in trying to locate individuals.

As to what happened in this particular case[,] the probation officer would have to inform the Court. I can instruct the Court as to the usual practices and procedures, but not as to what happened in this particular case.

In relevant part, the probation officer explained the efforts to notify defendant as follows:

Now the violations are, if you will notice, the first violation was issued November 19th of '04. Judge, this is before Mr. John Savage was considered [to be] an absconder.

The addendum violation was issued, it's dated December the 9th of '04 in which it is alleged that he did abscond. There's no need for me to make any effort to leave a copy of the violation report or OFA alleging absconding at his last known residence, I knew he wasn't there. I knew he had moved out.

THE COURT: All right. Well, [I] find that the State has made a reasonable effort[] to have probation violation hearing, and I will deny the motion[.]

After the court made its finding, defendant failed to object, but immediately gave notice of appeal in open court.

Thus, the transcript reflects (1) the court's concern that the State was unable to locate defendant for four years, (2) defense counsel's subsequent acknowledgment of the State's inability to locate defendant, (3) the State's position that efforts were made at the beginning of defendant's probation violations, and (4) the probation officer's explanation that further efforts were frustrated by defendant's absconding. Furthermore, in unchallenged findings of fact, the trial court found that between 2005 and 2008, the "[t]he Probation Officer was unable to locate the Defendant and unable to serve the warrant for the Defendant's arrest." *See State v. Pickard*, 178 N.C. App. 330, 334, 631 S.E.2d 203, 206 (Unchallenged findings of fact are presumed to be correct.) (citation omitted), *disc. rev. denied and appeal dismissed*, 361 N.C. 177, 640 S.E.2d 59 (2006).

Upon review, and pursuant to the presumption of correctness afforded to unchallenged findings of fact, it is clear that defendant absconded. We acknowledge the relative informality of probation violation proceedings permitted by North Carolina Rules of Evidence, Rule 1101(b)(3), but the record, transcript, lack of objection, and absence of subsequent ruling or explanation in the case *sub judice* impede our review. *See* N.C. Gen. Stat. § 8C-1, Rule 1101(b)(3) (2007) ("The rules [of evidence] other than those with respect to privileges do not apply in . . . [p]roceedings for . . . granting or revoking probation[.]").

We question the sufficiency of the evidence underlying the trial court's finding of fact number 4, but, notwithstanding the probation officer's testimony, we are satisfied that the record contains some

evidence of efforts to locate defendant prior to the expiration of his probation. "[W]here record evidence supports a finding that the State made reasonable efforts to conduct a hearing prior to the expiration of the defendant's probation, the matter is remanded to the trial court to enter sufficient material findings." *State v. Jackson*, 190 N.C. App. 437, 442, 660 S.E.2d 165, 168 (2008) (citing *State v. Daniels*, 185 N.C. App. 535, 537-38, 649 S.E.2d 400, 401 (2007)).

Accordingly, we remand the matter to the trial court for entry of proper findings of fact which are supported the evidence. It is ·an axiomatic and resolute principle that one may not profit from his own wrongdoing, and defendant, therefore, should not be the beneficiary of his decision to abscond from his lawful term of probation. To hold otherwise "obviously rewards the defaulting probationer for his skill in eluding the officers[.]" *State v. Best*, 10 N.C. App. 62, 64, 177 S.E.2d 772, 774 (1970).

Remanded.

Judges WYNN and HUNTER, Jr., Robert N. concur.