STATE OF NORTH CAROLINA
v.
TREMAIN HENRY CUFFEE
No. COA09-133
Court of Appeals of North Carolina
Filed October 6, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Janette Soles Nelson, for the State.
Paul Y.K. Castle for defendant-appellant.
BRYANT, Judge.
Tremain Henry Cuffee (defendant) appeals from a judgment revoking his probation and activating his 16 to 20 month suspended prison sentence. For the reasons stated herein, we remand the matter for a further material finding.

Facts and Procedural History
On 27 February 2007, defendant pled guilty to one count of failing to register as a sex offender in Pasquotank County, North Carolina. The trial court entered judgment against defendant sentencing him to a prison term of 16 to 20 months. This sentence was suspended, and defendant was placed on supervised probation for twelve months. The probationary term was set to expire on 26 February 2008. As special conditions of probation, defendant was required to remain gainfully and suitably employed, report to the probation officer at reasonable times and places, and notify the officer of any change in address or employment.
On 3 April 2007, defendant voluntarily transferred his probation to Putnam County, Florida, under the supervision of the Florida Department of Corrections ("Florida probation officials"). Defendant claims the Florida probation officials added new conditions to his probation not contained in the original judgment. These conditions required defendant to remain at his approved residence, 119 West Cedar Court, Hawthorne, Florida, between the hours of 10 p.m. and 6 a.m. each day, and pay the cost of supervision, training fees, and drug fees incurred in Florida.
Upon transfer of his probation supervision to Florida, defendant was employed with a concrete company and lived with his girlfriend and their four children at the approved address. On or about 28 November 2007, Florida probation officials made a visit to defendant's residence to perform a curfew check. Defendant was not at home. In an effort to locate defendant, Florida probation officials made contact with defendant's last known employer, residence owner, and local jails. All failed to produce any leads.
Defendant was located on 1 February 2008 and a probation violation report was filed with the Pasquotank County Clerk of Court, citing defendant to be in willful violation of six conditions of probation. The first violation was in relation to the curfew check performed on 28 November 2007. The second and third violations reported that defendant failed to make any payments toward his court indebtedness in the amount of $787.50, and toward his supervision, training, and drug fees in the amount of $353.50. Defendant alleged he could not afford the payments due to the fact he had lost his job, had a one-year old child at home to support, and was voluntarily attending a sex offender class which cost $15.00 per class.
The fourth and fifth violations reported that defendant moved from his approved residence without notifying Florida probation officials or receiving permission to move. Since permission was neither sought nor given, defendant was deemed to have absconded supervision. Defendant explained that he moved out of the approved residence because by law his status as a sex offender barred him from residing in a home with a child. Defendant claims that he never left the court's jurisdiction and never absconded because he resided only five minutes away from his approved address.
The final violation reported that defendant failed to notify his probation officer that he lost his job. Defendant admitted this violation but claims that he was unable to retain his employment because his job assignments required him to periodically travel outside the county and thus violate curfew. An order for defendant's arrest was issued on 25 February 2008. Since the probation officials could not locate defendant, the order was returned on 28 March 2008. The order was reissued on 16 May 2008 and defendant was served and returned to Albemarle District Jail on 19 May 2008. Two days later on 21 May 2008, a preliminary hearing was held in which the court found probable cause that defendant had violated the conditions of his probation.
On 23 June 2008, the probation violation hearing was held in Pasquotank County Superior Court. Defendant admitted all the allegations, with explanation, and requested that the trial court consider continuing him on probation. Defendant argued that the Florida probation officials added new conditions not contained in the original probation order; that the curfew interfered with his ability to maintain his employment; that the loss of his job contributed to his inability to pay any monies toward probation; and that he did not abscond probation but his status as a sex offender compelled him to move out of the approved residence where his newborn child resided. Defendant was found to be in willful violation of his probation and his suspended sentence was activated. Defendant appeals.
On appeal, defendant contends the trial court: (I) lacked subject matter jurisdiction to revoke his probation; (II) failed to properly apply the "lawful excuse rule"; and (III) committed reversible error when it revoked his probation based on conditions not contained in the original probation order.

I
Defendant argues the trial court violated North Carolina General Statutes, section 15A-1344(f), by failing to make findings of fact as to whether the State made reasonable efforts to notify defendant of his probation violation, failed to conduct the probation revocation hearing sooner, and lacked subject matter jurisdiction over his hearing because it was held after the probationary period had expired.
"[W]hether a trial court has subject matter jurisdiction is a question of law, which is reviewable on appeal de novo." Childress v. Fluor Daniel, Inc., 172 N.C. App. 166, 167, 615 S.E.2d 868, 869 (2005) (citation omitted). It is well settled that "[a] court's jurisdiction to review a probationer's compliance with the terms of his probation is limited by statute." State v. Hicks, 148 N.C. App. 203, 204, 557 S.E.2d 594, 595 (2001).
When a sentence has been suspended and [the] defendant placed on probation on certain named conditions, the court may, at any time during the period of probation, require [the] defendant to appear before it, inquire into alleged violations of the conditions, and, if found to be true, place the suspended sentence into effect. But the State may not do so after the expiration of the period of probation except as provided in G.S. 15A-1344(f).
State v. Camp, 299 N.C. 524, 527, 263 S.E.2d 592, 594 (1980) (internal citations omitted and emphasis suppressed).
Under our General Statutes, section 15A-1344(f),
The court may revoke probation after the expiration of the period of probation if:
(1) Before the expiration of the period of probation the State has filed a written motion with the clerk indicating its intent to conduct a revocation hearing; and
(2) The court finds that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier.
N.C. Gen. 15A-1344(f) (2007).[1] "The statute unambiguously requires the trial court to make a judicial finding that the State has made a reasonable effort to conduct the probation revocation hearing during the period of probation set out in the judgment and commitment." State v. Bryant, 361 N.C. 100, 102-03, 637 S.E.2d 532, 534 (2006).
In Bryant, the defendant's probation revocation hearing was held seventy days after the expiration of the probationary period. Id. at 101, 637 S.E.2d at 534. Upon considering the remarks of both counsel and the defendant, the trial court pronounced its decision to revoke the defendant's probation and activate the suspended sentence but failed to make findings of fact as to whether the State had made reasonable efforts to notify the probationer and conduct the hearing earlier. Id. at 102, 637 S.E.2d at 534. Our Supreme Court held that "[t]he plain language of this statute leaves no room for judicial construction. In the absence of statutorily mandated factual findings, the trial court's jurisdiction to revoke probation after expiration of the probationary period is not preserved." Id. at 103, 637 S.E.2d at 534. The issue was then whether the record contained sufficient evidence to support such a finding rendering the matter appropriate to be remanded for a proper finding.
On the record before us, we hold that the record contains sufficient evidence to support such a finding and remand the matter to the trial court to make such a finding.
Although N.C.G.S. § 15A-1344 does not specifically define what actions constitute a "reasonable effort," "[i]n the context of this statute that would mean those actions a reasonable person would pursue in seeking to notify [the] defendant of his probation violation and conduct a hearing on the matter." State v. Burns, 171 N.C. App. 759, 762, 615 S.E.2d 347, 349 (2005).
Past decisions by this Court concerning the State's reasonable efforts to notify a defendant of alleged probation violations have hinged upon a finding that the defendant had absconded. In State v. Daniels, 185 N.C. App. 535, 649 S.E.2d 400 (2007), we acknowledged a prior holding of this Court which stated that the issuance of an arrest warrant, standing alone, was insufficient to constitute the "reasonable effort" required by N.C.G.S. § 15A-1344(f)(2). Id. at 537, 649 S.E.2d at 401 (citing Burns, 171 N.C. App. at 762-63, 615 S.E.2d at 349-50). However, in Daniels, the record contained evidence to support such a finding where the defendant's probation officer had taken the following actions:
(1) call[ed] [the] defendant's employer, only to be informed that [the] defendant no longer worked there; (2) le[ft] a note at [the] defendant's residence, only to receive a phone call from [the] defendant's mother saying that [the] defendant no longer lived there; (3) attempt[ed] to personally serve the warrant at [the] defendant's residence, but [was] unable to locate [the] defendant; and (4) solicit[ed] the help of a surveillance officer to locate [the] defendant after the warrant was returned unserved.
Id. at 537, 649 S.E.2d at 401 (footnote omitted). We remanded the matter to the trial court to enter sufficient material findings. Id. at 538, 649 S.E.2d at 401. See also State v. High. 183 N.C. App. 443, 645 S.E.2d 394 (2007) (holding the trial court retained jurisdiction to revoke the defendant's probation where the defendant had absconded and the probation officer from time to time checked to see if there was any record of the defendant's arrest or whether the defendant was in jail).
Here, the probation violation report states the following:
Of the conditions of probation imposed in that judgment, the defendant has willfully violated:
. . .
4. Regular Condition of Probation ". . . obtain prior approval from the officer for, and notify the office of, any change in address . . ." in that ACCORDING TO FLORIDA PROBATION OFFICIALS THE OFFENDER NO LONGER RESIDES AT HIS APPROVED RESIDENCE OF 119 W. CEDAT CT. HAWTHRONE, FL. 32460. DURING A CURFEW CHECK IT WAS DISCOVERED THAT THE OFFENDER MOVED FROM THIS RESIDENCE, THIS ACTION WAS VERIFIED BY THE OWNER OF THE HOME JOHN PRIDE. MR. PRIDE ADVISED THE OFFICER THAT ALL THE OFFENDERS CLOTHES WERE GONE AND HE LEFT. THEREFORE, IT IS ASSUMED THAT THE OFFENDER CHANGED HIS ADDRESS WITHOUT NOTIFYING HIS FLORIDA PROBATION OFFICER.
5. Regular Condition of Probation "Remain within the jurisdiction of the Court unless granted written permission to leave by the Court or the probation officer" in that ACCORDING TO FLORIDA PROBATION OFFICIALS THE OFFENDER MOVED FROM HIS APPROVED RESIDENCE AT 119 W. CEDAR CT. FLORIDA 34260 AND HAS ABSCONDED SUPERVISION. FLORIDA PROBATION OFFICIALS ATTEMPTED TO LOCATE THE OFFENDER BY CONTACTING HIS LAST KNOWN EMPLOYER, LOCAL JAILS AND RESIDENT OWNER. ALL THE ATTEMPTS WERE UNSUCCESSFUL AND THE OFFENDER COULD NOT BE FOUND. THEREFORE IT HAS BEEN DETERMINED THAT THE OFFENDER HAS ABSCONDED SUPERVISION.
6. Regular Condition of Probation "Notify the probation officer if the defendant fails to obtain or retain satisfactory employment" in that ACCORDING TO FLORIDA PROBATION OFFICIALS THE OFFENDER WAS EMPLOYED WITH REGGIE GILMORE CONCRETE. AFTER CONSULTING WITH THE OWNER, WHO VERIFIED THAT THE OFFENDER WAS NO LONGER EMPLOYEED [sic] WITH HIS COMPANY, FLORIDA PROBATION OFFICIALS REPORT THAT THE OFFENDER FAILED TO REMAIN GAINFULLY EMPLOYEED [sic] AND FAILED TO NOTIFY HIS FLORIDA OFFICER THAT HE DID NOT HAVE SATISFACTORY EMPLOYMENT.
Although the trial court did not specifically find that Defendant "absconded," the trial court made the following findings of fact:
1. The defendant is charged with having violated specified conditions of the defendant's probation as alleged in the Violation Report(s) on file herein, which is incorporated by reference.
2. Upon due notice or waiver of notice . . . the defendant waived a violation hearing and admitted that the defendant violated each of the conditions of the defendant's probation as set forth below.
3. The condition(s) violated and the facts of each violation are as set forth . . . in paragraph(s) . . . 4,5,6 in the Violation Report or Notice dated 02/01/2008.
We believe this evidence is analogous to the facts set forth in both High and Daniels. Therefore, we hold that the record contains sufficient evidence to support a finding that the State made a reasonable effort to notify defendant of his probation violation and to hold the probation violation hearing earlier. Accordingly, we remand this matter to the trial court for further material findings as to "reasonable effort" and acknowledgment of those findings on the judgment, as appropriate.[2]
As defendant's remaining issues would likely arise in a subsequent hearing, we address them here.

II
Defendant next argues the trial court did not properly apply the "lawful excuse rule" when it reviewed his two alleged monetary responsibility violations. We disagree.
This Court has described probation as "an act of grace by the State to one convicted of a crime." State v. Arnold, 169 N.C. App. 438, 440, 610 S.E.2d 396, 398 (2005) (citation omitted). A person on probation "carries the keys to his freedom in his willingness to comply with the court's sentence." State v. Robinson, 248 N.C. 282, 285, 103 S.E.2d 376, 379 (1958). The violation of a single condition of probation provides sufficient grounds to revoke probation and to activate a suspended sentence. See State v. Braswell, 283 N.C. 332, 337, 196 S.E.2d 185, 188 (1973).
In determining whether a sentence previously suspended should be activated, "[a]ll that is required is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended." Robinson, 248 N.C. at 285-286, 103 S.E.2d at 379. Therefore, the standard of review is whether there has been an abuse of this discretion. Id. "An [a]buse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." State v. Peterson, 361 N.C. 587, 602, 652 S.E.2d 216, 227 (2007) (citation and internal quotations omitted).
After the State has presented competent evidence establishing the defendant's failure to comply with probation, the burden is on the defendant to demonstrate through competent evidence his inability to comply with the terms. State v. Terry, 149 N.C. App. 434, 437-38, 562 S.E.2d 537, 540 (2002). This `lawful excuse rule' provides that a probationer's sentence may not be revoked if the petitioner can demonstrate a lawful excuse for violating a condition of probation. See State v. Young, 21 N.C. App. 316, 204 S.E.2d 185 (1974). The trial court must consider facts brought forth by a defendant that demonstrate that he has a lawful excuse for any alleged probation violation. State v. Smith, 43 N.C. App. 727, 730, 259 S.E.2d 805, 806-07 (1979). Moreover, the trial court is required to make findings of fact which clearly show that it considered and evaluated such evidence. Thus, fairness dictates that in some instances a defendant's probation should not be revoked because of circumstances beyond his control. State v. Hill, 132 N.C. App. 209, 212, 510 S.E.2d 413, 415 (1999). However, the State only has to show that there was at least one violation. See State v. Tozzi, 84 N.C. App. 517, 521, 353 S.E.2d 250, 253 (1987). If the defendant fails to provide competent evidence of his inability to comply with conditions, this failure may justify a finding that the non-compliance was willful and without a lawful excuse. Id.
Here, defense counsel offered to provide the trial court with evidence demonstrating that Florida probation officials added new conditions not contained in the original probation order, that defendant's curfew interfered with his ability to maintain his employment, that the loss of defendant's job contributed to his inability to pay any monies toward probation, and that defendant did not abscond probation. Defendant claims the trial court did not thoroughly consider and evaluate this evidence. However, defendant did not offer evidence demonstrating a lawful excuse as to why he failed to comply with conditions set out by the Pasquotank County Superior Court, such as "chang[ing] his address without notifying his probation officer" and "fail[ing] to notify his Florida probation officer that he did not have satisfactory employment." Therefore, as defendant does not contest that the State has shown at least one violation which it has more than accomplished, we hold that defendant's non-compliance was willful and without lawful excuse. See Id. at 521, 353 S.E.2d at 253. Accordingly, this assignment of error is overruled.

III
In his final argument, defendant contends the trial court committed reversible error when it based its revocation of his probation on violations of two conditions that were not contained in the original judgment. We hold defendant has failed to meet his burden.
The two conditions defendant claims were not in the original judgment but used as a basis for revocation of his probation are as follows:
1. Special Condition of Probation "Not to be away from the defendant's residence during the specified hours as set by the court or probation officer. . . ."
. . .
3. Monetary Condition of Probation "The defendant shall pay to the Clerk of Superior Court the monthly probation fee as set by law"
. . . .
Pursuant to N.C. Gen. Stat. § 15A-1343(c), "[a] defendant released on supervision must be given a written statement setting forth the conditions on which he is being released." N.C.G.S. § 1343(c) (2007).
Here, the evidence reflects that the curfew condition was the sole condition not included in the original judgment. Even if it was error to revoke defendant's probationary status based on the violation of curfew, such error was harmless. Defendant admitted to six probation violations. Moreover the trial court found and concluded that defendant violated six conditions of probation and "[e]ach violation is, in and of itself, a sufficient basis upon which th[e] [trial court] should revoke probation and activate the suspended sentence." Accordingly, the assignment of error is overruled.
Remanded.
Chief Judge MARTIN and Judge HUNTER, Robert C., concur.
Report per Rule 30(e).
NOTES
[1] N.C. Gen. Stat. § 15A-1344(f) was amended effective 1 December 2008 removing the statutory requirement of reasonable efforts. See Act of July 28, 2008, 2008 N.C. Sess. Laws 129. Defendant's probation hearing was held prior to the effective date of the amendment, and we must apply the statute effective at the time his probation violation hearing was held.
[2] We note that on the Judgment and Commitment Upon Revocation of Probation, under Findings, Box 7 indicating that "Beyond a reasonable doubt that before the expiration of the period of probation, the State filled a written motion with the clerk indicating its intent to conduct a revocation hearing and the State made a reasonable effort to notify the probationer . . ." was not checked, and being uncertain whether this was a clerical error, we call the trial court's attention to this upon remand.