STATE OF NORTH CAROLINA
v.
IVAN D. BLOW
No. COA09-633.
Court of Appeals of North Carolina.
Filed April 6, 2010.
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Phillip T. Reynolds, for the State.
William B. Gibson, for defendant-appellant.
JACKSON, Judge.
Ivan D. Blow ("defendant") appeals the 9 December 2008 judgment and commitment revoking his probation. For the reasons set forth below, we affirm.
On 8 May 2003, defendant pleaded guilty to three separate offenses and was sentenced in a consolidated judgment to a minimum of twenty-four months and a maximum of thirty-eight months in the custody of the North Carolina Department of Correction. Defendant's sentence was suspended, and defendant was placed on supervised probation for thirty months. Pursuant to this sentence, probation should have terminated on 8 November 2005. As a condition of defendant's probation, defendant was required to complete community service, pay court costs and other specified costs, obtain a mental health assessment, remain within the jurisdiction of the court, and remain gainfully employed or enroll in school. Probation Officer Curt Cashman ("Officer Cashman") originally was assigned defendant's probation case. On 7 June 2003, defendant failed to appear for his appointment with Officer Cashman. On 4 December 2003, Officer Cashman went to defendant's last known address and left a message for defendant to contact him. On 16 January 2004, Officer Cashman and an arrest team went to defendant's last known address; however, defendant was not there. On 23 February 2004, Officer Cashman submitted a sworn probation violation report, which was filed 25 February 2004, alleging six separate violations of defendant's probation conditions. On 24 February 2004, an order for defendant's arrest was issued.
On 6 April 2004, Officer Cashman prepared an absconder packet for defendant, which he sent to the National Criminal Information Center that contained an order for arrest incident to the probation violation report. On 13 October 2004, defendant's case was transferred to the Probation Task Force ("PTF"). On 14 October 2004, Officer Cashman and the PTF attempted to locate defendant at his last known address; however, defendant still was not there.
On 14 May 2008, defendant was arrested, and Probation Officer Charlie High ("Officer High") was assigned to the case. On 11 June 2008, Officer High filed a sworn probation violation report alleging that defendant had violated various conditions of his probation, including an allegation that defendant had absconded supervision.
The trial court conducted a hearing regarding defendant's oral motion to dismiss for lack of subject matter jurisdiction on 2 July 2008. By order filed 3 July 2008, the trial court denied defendant's motion, allowing the State to proceed with the probation violation hearing.
On 9 December 2008, the trial court conducted a hearing as to defendant's alleged probation violations. The trial court found that defendant had committed each of the alleged probation violations and revoked defendant's probation, activated defendant's suspended sentence of a minimum term of twenty-four months and a maximum term of thirty-eight months, and ordered that defendant be imprisoned. Defendant appeals.
Defendant first argues that the trial court erred in revoking his probation after the probationary period expired in violation of North Carolina General Statutes, section 15A-1344. Defendant relies upon State v. Bryant, 361 N.C. 100, 637 S.E.2d 532 (2006), and asserts that the State failed to indicate an intent to conduct the revocation hearing prior to the expiration of the probationary period because the probation violation report filed on 25 February 2004 did not include a hearing date, thereby failing to comply with section 15A-1344(f)(1). We disagree.
The standard of review on appeal is "whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment." State v. Simon, 185 N.C. App. 247, 250, 648 S.E.2d 853, 855 (quoting Sessler v. Marsh, 144 N.C. App. 623, 628, 551 S.E.2d 160, 163 (2001)), disc. rev. denied, 361 N.C. 702, 653 S.E.2d 158 (2007). "However, the trial court's conclusions of law are reviewed de novo and must be legally correct." State v. Pickard, 178 N.C. App. 330, 334, 631 S.E.2d 203, 206 (citation omitted), disc. rev. denied, 361 N.C. 177, 640 S.E.2d 59 (2006).
The State correctly relies upon State v. Cannady, 59 N.C. App. 212, 296 S.E.2d 327 (1982), stating that, in order to satisfy the requirements of section 15A-1344(f), three conditions must be met before the trial court has the authority to enter an order revoking probation after the probationary period has expired, including: "[first,] the probationer must have committed a violation during his probation, [second,] the State must file a motion indicating its intent to conduct a revocation hearing, and [third,] the State must have made a reasonable effort to notify the probationer and conduct the hearing sooner." Cannady, 59 N.C. App. at 214, 296 S.E.2d at 328.
At the time relevant to this appeal, North Carolina General Statutes, section 15A-1344(f) provided:
The court may revoke probation after the expiration of the period of probation if:
(1) Before the expiration of the period of probation the State has filed a written motion with the clerk indicating its intent to conduct a revocation hearing; and
(2) The court finds that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier.
N.C. Gen. Stat. § 15A-1344(f) (2007). According to Bryant, when analyzing this statute, "we use accepted principles of statutory construction by applying the plain and definite meaning of the words therein, as the language of the statute is clear and unambiguous." Bryant, 361 N.C. at 102, 637 S.E.2d at 534. The statute requires the trial court to make a judicial finding that the State has filed a written motion indicating its intent to conduct a revocation hearing. See N.C. Gen. Stat. § 15A-1344(f)(2) (2007).
In the case sub judice, the State filed the probation violation report on 25 February 2004. The trial court concluded that "[t]he Probation Violation Report constitutes a `Motion' in that it was sworn to before a court official qualified to administer oaths and was stamped `Filed' in the office of the Wake County Clerk of Superior Court." According to North Carolina General Statutes, section 15A-951(a), "[a] motion must: (1) [u]nless made during a hearing or trial, be in writing; (2) [s]tate the grounds of the motion; and (3) [s]et forth the relief or order sought." N.C. Gen. Stat. § 15A-951(a) (2007). Therefore, a probation violation report will suffice as a "motion" as defined in section 15A-951(a) if the violation report (1) is in writing, (2) states the grounds upon which the defendant allegedly violated the terms and conditions of his probation, and (3) requests that the trial court take appropriate action in response to the alleged violations. See id.
In the instant case, the violation report filed by Officer Cashman on 25 February 2004, (1) establishes that the report was in writing, (2) states the grounds upon which defendant allegedly violated the terms and conditions of his probation, and (3) requests that the trial court take appropriate action in response to the alleged violations. Therefore, we affirm the trial court's conclusion and hold that the probation violation report filed by Officer Cashman fully complies with the definition of a "motion" set forth in North Carolina General Statutes, section 15A-951(a). See, e.g., State v. Hicks, 148 N.C. App. 203, 557 S.E.2d 594 (2001) (implicitly treating a violation report filed by a probation officer as adequate compliance with the "motion" requirement of section 15A-1344).
Upon determining that the probation violation report constitutes a "motion" within the meaning of section 15A-1344(f)(1), we address defendant's contention that the probation violation report is deficient because the report failed to specify a hearing date. Defendant argues that, because section 15A-1344(d) permits the State to conduct a hearing in his absence, the State failed to indicate its intent to conduct such a hearing. We disagree.
Neither North Carolina General Statutes, section 15A-951(a) nor section 15A-1344 require that a violation report include a hearing date. Furthermore, by requesting that the court take appropriate action in response to defendant's alleged violations, the violation report contains an adequate request for relief. Moreover, the State correctly states in its brief that, although the State may conduct a modification hearing in the absence of the defendant pursuant to section 15A-1344(d), the State is not required to conduct such a hearing in order to satisfy the requirements set forth in section 15A-1344(f)(1).
In the case sub judice, the record clearly shows that the probation violation report was filed on 25 February 2004. Defendant's probationary period expired on 8 November 2005. Therefore, we hold that the State presented sufficient evidence tending to show it filed a written motion with the clerk indicating its intent to conduct a revocation hearing prior to the end of the probationary period, and the trial court's findings of fact to that effect support its conclusions of law concerning the State's compliance with the requirements of North Carolina General Statutes, section 15A-1344(f)(1). Additionally, we already have expressed that "[t]o hold otherwise `obviously rewards the defaulting probationer for his skill in eluding the officers.'" See State v. Savage, __ N.C. App. __, __, 680 S.E.2d 881, 884 (2009) (quoting State v. Best, 10 N.C. App. 62, 64, 177 S.E.2d 772, 774 (1970)).
Next, defendant contends the trial court erred by finding that defendant had violated his probation based solely upon hearsay testimony. We disagree.
The trial court is not bound by the rules of evidence when conducting probation violation hearings. See N.C. Gen. Stat. § 8C-1, Rule 1101(b)(3) (2007). See also State v. White, 129 N.C. App. 52, 58, 496 S.E.2d 842, 846 (1998), aff'd in part and dismissed in part, 350 N.C. 302, 512 S.E.2d 424 (1999) ("All that is required is that the evidence be sufficient to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation."). If supported by competent evidence, the trial court's findings "`are not reviewable on appeal, unless there is a manifest abuse of discretion.'" State v. Tennant, 141 N.C. App. 524, 526, 540 S.E.2d 807, 808 (2000) (quoting State v. Guffey, 253 N.C. 43, 45, 116 S.E.2d 148, 150 (1960)).
Defendant contends that the trial court erred by revoking defendant's probation based solely upon hearsay testimony provided by Officer High. However, defendant acknowledges in his brief that the formal rules of evidence do not apply to probation revocation hearings, citing North Carolina General Statutes, section 15A-1345(e). Defendant relies upon State v. Allen, __ N.C. App. __, __ S.E.2d __, 2006 WL 91586 (2006) (unpublished), and asserts that, even though formal rules of evidence do not apply to probation revocation hearings, probation cannot be revoked solely upon the basis of hearsay testimony. Defendant's reliance upon Allen is misplaced.
During the 9 December 2008 hearing, Officer High based his testimony upon Officer Cashman's notes and information contained in the files maintained by the Wake County Probation Office. The record further establishes that the trial court relied upon the probation violation report in finding that defendant violated the conditions of his probation. In State v. Duncan, 270 N.C. 241, 154 S.E.2d 53 (1967), the North Carolina Supreme Court held that a verified probation violation report was competent evidence and a sufficient basis for the trial court's decision to revoke probation. Id. at 246, 154 S.E.2d at 58. Furthermore, the trial court addressed hearsay concerns by noting that "the Court must be satisfied that there are underlying guarantees of truthfulness before allowing and considering hearsay evidence." The trial court further stated that Officer High's testimony was based upon facts derived from the official records maintained by the Wake County Probation Office and that it was satisfied that the testimony provided the underlying guarantees of trustworthiness. Therefore, we hold that the trial court did not abuse its discretion in revoking defendant's probation based solely upon hearsay evidence.
For the foregoing reasons, we affirm and hold that the trial court (1) did not err by revoking defendant's probation after the probationary period expired, and (2) did not abuse its discretion in revoking defendant's probation based upon Officer High's testimony and the probation violation report.
Affirmed.
Chief Judge MARTIN and Judge ERVIN concur.
Report per Rule 30(e).