IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1014

Filed 1 October 2025

Stanly County, No. 21CRS052059-830

STATE OF NORTH CAROLINA

v.

REBECCA ANN VERDI, Defendant.

Appeal by defendant from judgment entered 27 March 2024 by Judge Claire V. Hill in Stanly County Superior Court. Heard in the Court of Appeals 21 May 2025.

*Attorney General Jeff Jackson, by Special Deputy Attorney General Lewis W. Lamar, Jr., for the State-appellee.*

*Sherrill & Emehel, P.A., by Johneric C. Emehel, for defendant-appellant.*

GORE, Judge.

Defendant Rebecca Ann Verdi appeals the judgment for possession of methamphetamine and possession of drug paraphernalia. Defendant was sentenced to 5 to 15 months' imprisonment suspended to 18 months' supervised probation. Defendant seeks review of the denied motion to dismiss the charges for insufficient evidence. She also argues the trial court plainly erred in the jury charge when instructing on constructive possession, and that it erred by imposing a suspended sentence and supervised probation rather than a conditional discharge pursuant to N.C.G.S. § 90-96. Upon review of the briefs and the record, we affirm in part, and vacate and remand in part for a new sentencing hearing.

**I.**

On 14 October 2021, law enforcement executed a search warrant for 114 West Andrews Street. Defendant was present in the home at the time of the search, along with Bailey Hatley, Beta Martinez, and Joe Nicastro. When law enforcement entered the home, they observed defendant and Nicastro exiting a bedroom. Upon searching the bedroom, law enforcement discovered what appeared to be a controlled substance in a pill bottle, butane torches, butane in a can, and a glass smoking pipe on an open shelf by the bed. They also found defendant's North Carolina driver's license, another membership-type card with defendant's name, and handwritten notes including Joe Nicastro's email address.

Defendant was arrested along with the other individuals and charged with possession of a controlled substance (later determined to be methamphetamine), possession of drug paraphernalia, and maintaining a dwelling for keeping and selling controlled substances. The State's request to try defendant with the codefendant, Joe Nicastro, was granted. At trial and after the State presented evidence, defendant and the codefendant moved to dismiss the charges for insufficient evidence. The trial court granted the codefendant's motion to dismiss all charges against him. The trial court granted defendant's motion to dismiss the charge for maintaining a dwelling for keeping and selling a controlled substance but denied defendant's motion for the remaining charges of possession of methamphetamine and possession of drug

paraphernalia. Defendant renewed her motion to dismiss the remaining charges at the close of all the evidence and the trial court denied the motion.

The trial court stated it would recite the first two paragraphs of N.C.P.I.—CRIM. 104.41 for actual-constructive possession and the additional paragraph for constructive possession when the substance or article on a premises or in a place, is not in close proximity to the defendant. During the jury charge, the trial court excluded a portion of the first two paragraphs, but neither party objected to this exclusion. The jury returned guilty verdicts for the remaining charges. The trial court imposed a consolidated sentence of 5 to 15 months' and suspended the sentence to 18 months' probation, with a TASC evaluation, and any further evaluation, counseling, treatment or recommended education. Neither party objected to the sentencing and there was no discussion of conditional discharge pursuant to section 90-96. Defendant timely appealed the judgment.

**II.**

Defendant appeals of right pursuant to N.C.G.S. §§ 7A-27(b) and 15A-1444(a). Defendant seeks review of the following three issues: (1) whether the trial court erred by denying her motion to dismiss the charges for insufficient evidence; (2) whether the trial court plainly erred by omitting portions of N.C.P.I.—CRIM. 104.41 when defining constructive possession during the jury charge; and (3) whether the trial court erred by failing to consider a conditional discharge pursuant to N.C.G.S. § 90-96(a). We review a motion to dismiss for insufficient evidence de novo. *State v. Smith*,

186 N.C. App. 57, 62 (2007). We review jury instructions challenged for the first time on appeal for plain error when the defendant "specifically and distinctly" contend[s] [the judicial action] amount[s] to plain error." N.C.R. App. P. 10(a)(4) (2021). Challenges to a statutory mandate are preserved and reviewed de novo. *State v. Davis*, 364 N.C. 297, 301–02 (2010). We consider each argument in turn.

**A.**

Defendant first argues the trial court erred by denying her motion to dismiss the charges for insufficient evidence. We disagree.

> Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.
>
> If the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion should be allowed. In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve.
>
> Once the court decides that a reasonable inference of defendant's guilt may be drawn from the circumstances, then it is for the jury to decide whether the facts, taken singly or in combination, satisfy it beyond a reasonable doubt that the defendant is actually guilty.

*State v. Fritsch*, 351 N.C. 373, 378–79 (2000) (cleaned up).

Defendant challenges the trial court's denial of her motion to dismiss the charges for possession of methamphetamine in violation of N.C.G.S. § 90-95(a)(3), and possession of drug paraphernalia in violation of N.C.G.S. § 90-113.22(a). Specifically, defendant argues there is a lack of circumstantial evidence to demonstrate she possessed the methamphetamine and that she knowingly possessed the drug paraphernalia. The question of possession centers around whether defendant constructively possessed the methamphetamine and drug paraphernalia.

"A defendant constructively possesses contraband when she does not have actual possession of the contraband but has the intent and capability to maintain control and dominion over it. The defendant may have the power to control either alone or jointly with others." *State v. Chekanow*, 370 N.C. 488, 493 (2018) (cleaned up).

> If the defendant is not in exclusive possession of the place where contraband is found, to survive a motion to dismiss the State must show other incriminating circumstances linking the defendant to the contraband. Whether incriminating circumstances exist to support a finding of constructive possession is a fact-specific inquiry. In determining whether sufficient incriminating circumstances exist to support a finding of constructive possession, a review of the Court's cases reveals that we have considered the following factors: (1) the defendant's ownership and occupation of the property; (2) the defendant's proximity to the contraband; (3) indicia of the defendant's control over the place where the contraband is found; (4) the defendant's suspicious behavior at or near the time of the contraband's discovery; and (5) other evidence found in the defendant's possession that links the defendant to the contraband. No one factor controls, and

courts must consider the totality of the circumstances.

*Id.* at 496 (cleaned up).

In the present case, law enforcement arrested defendant along with three others after law enforcement conducted a search of the house and discovered what appeared to be methamphetamine and drug paraphernalia. Defendant was seen walking out of the bedroom with Nicastro, where the controlled substance and drug paraphernalia were discovered. Law enforcement found a pill bottle with the controlled substance, butane torches, butane in a can, and a glass smoking pipe on an open shelf of a nightstand. Law enforcement also found the following in the bedroom: multiple cell phones on the nightstand, defendant's North Carolina driver's license, and a credit card or membership card with defendant's name. Although defendant argues the pill bottle and drug paraphernalia were not in plain view, the State's witness and illustrative exhibit contradict this claim.

The totality of the circumstances demonstrate defendant was seen in or leaving the bedroom where the controlled substance and drug paraphernalia were located. Her driver's license and another personal item of hers provided evidence linking her to the bedroom that was more than just her "mere presence." *State v. Ferguson*, 204 N.C. App. 451, 460 (2010) (citation omitted). This evidence is sufficient to support her occupation of the property, her proximity to the contraband, indicia of her control over the bedroom, her suspicious behavior of leaving the bedroom with the co-defendant upon law enforcement's arrival, and the fact that the contraband and drug

paraphernalia were in plain view. *Chekanow*, 370 N.C. at 496. Accordingly, viewing the evidence in the light most favorable to the State, the trial court properly denied defendant's motion to dismiss the charges because there was sufficient evidence to suggest she constructively possessed the illegal items.

**B.**

Next, defendant argues the trial court plainly erred by failing to instruct the jury consistently with N.C.P.I.—CRIM. 104.41, Actual-Constructive Possession. Because defendant did not object to the trial court's instructions, defendant requests we consider whether the trial court committed plain error.

> Defendant must show that a fundamental error occurred at trial; that the error had a probable impact on the outcome, meaning that absent the error, the jury probably would have returned a different verdict; and that the error is an exceptional case, that seriously affects the fairness, integrity or public reputation of judicial proceedings.

*State v. Reber*, 386 N.C. 153, 158 (2024) (cleaned up).

> The purpose of a charge to the jury is to give a clear instruction to assist the jury in an understanding of the case and in reaching a court verdict, including how the law should be applied to the evidence. As a result, the trial court has a duty to instruct the jury on all substantial features of a case raised by the evidence.

*State v. Fletcher*, 370 N.C. 313, 324–25 (2017) (cleaned up). "The court is not required to follow any particular form, as long as the instruction adequately explains each essential element of the offense." *Id.* at 325 (internal quotation marks and citations omitted).

In the present case, the trial court stated during the charge conference that it would use the first two paragraphs of N.C.P.I.—CRIM. 104.41 Actual-Constructive Possession instructions and the portion of the instruction for "constructive possession of a substance or article on premises in a place, not in close physical approximate to the defendant." It ultimately gave the following jury instructions for actual-constructive possession:

> Possession of a substance may be either actual or constructive. A person has actual possession of a substance if the person has it on the person, is aware of its presence, and has both the power and intent to control its disposition or use.

> If you find beyond a reasonable doubt that a substance was found in a certain premises or place and that the defendant exercised control over those premises or that place, whether or not the defendant owned them, this would be a circumstance from which you may infer that the defendant was aware of the presence of the substance and had the power and intent to control its disposition and use.

The trial court erred by excluding the definition of constructive possession, however, the question before us is whether it amounted to plain error. Upon review, we determine the trial court's instruction does not amount to plain error. While the trial court failed to include the definition of constructive possession, it did include the portion of instruction for constructive possession that described defendant's control over the area where the substance was. That instruction provided an example for knowledge of the presence of the controlled substance and the power and intent to

control the substance's use and disposition. Additionally, when instructing on the possession of methamphetamine charge, the trial court stated,

> A person possesses methamphetamine when the person is aware of its presence and has both the power and intent to control the disposition or use of that substance. If you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant knowingly possessed a controlled substance, it would be your duty to return a verdict of guilty.

While it was error to exclude the portion of instructions as stated, we cannot say such error was fundamental nor can we say it had a probable impact on the outcome. It is defendant's duty to prove plain error. *Reber*, 386 N.C. at 158. Defendant has failed to carry her burden to demonstrate a fundamental error occurred or that the trial court's failure to follow a particular form probably impacted the jury's verdict. *Id.* at 159. Accordingly, we determine the trial court did not plainly err.

## C.

Defendant also argues the trial court erred by failing to consider defendant's eligibility for conditional discharge pursuant to N.C.G.S. § 90-96(a). We agree.

The relevant portion of section 90-96(a) states,

> (a) Whenever any person who has not previously been convicted of (i) any felony offense under any state or federal laws; (ii) any offense under this Article; or (iii) an offense under any statute of the United States or any state relating to those substances included in Article 5 or 5A of Chapter 90 or to that paraphernalia included in Article 5B of Chapter 90 of the General Statutes pleads guilty to or is found guilty of (i) a misdemeanor under this Article by possessing a controlled substance included within

> Schedules I through VI of this Article or by possessing drug paraphernalia as prohibited by G.S. 90-113.22 or G.S. 90-113.22A or (ii) a felony under G.S. 90-95(a)(3), the court shall, without entering a judgment of guilt and with the consent of the person, defer further proceedings and place the person on probation upon such reasonable terms and conditions as it may require, unless the court determines with a written finding, and with the agreement of the District Attorney, that the offender is inappropriate for a conditional discharge for factors related to the offense.

N.C.G.S. § 90-96(a) (2023). In *State v. Dail* this Court stated, "where an eligible, first-time offender consents to sentencing under the conditional discharge program, the 'shall' language of N.C.G.S. § 90-96 constitutes a mandate to trial judges and . . . failure to comply with that mandate constitutes reversible error." 255 N.C. App. 645, 649 (2017). According to defendant, the mandatory language constitutes reversible error on the trial court's part.

Whereas the State argues that it is the "consent" of the defendant that triggers the court's mandate to consider the conditional discharge program. Consent is "a voluntary yielding to what another proposes or desires; agreement, approval, or permission regarding some act or purpose, especially given voluntarily by a competent person." *Consent, Black's Law Dictionary* (12th ed. 2024). This definition does not suggest initiation of a given action. Instead, the plain language within section 90-96(a) mandates the trial court to "defer further proceedings and place the person on probation upon such reasonable terms and conditions as it may require"; the phrase "without entering judgment of guilt and with the consent of the person" is

bracketed by commas that grammatically signify it is additional information that is not essential to the sentence. The phrase is still important to the statute and additional information the trial court must follow, but its positioning within the sentence clarifies it is not what initiates consideration of conditional discharge. The only exception that relieves the trial court of its duty to consider conditional discharge is if the trial court "determines with a written finding, and with agreement of the District Attorney, that the offender is inappropriate for a conditional discharge for factors related to the offense." § 90-96(a).

In the present case, defendant was convicted by jury of violations of section 90-95(a)(3) and section 90-113.22(a). The record indicates defendant has no prior convictions, and therefore, should be eligible for consideration of a conditional discharge. There is no written finding that excepts the trial court from following this mandate. There is no indication in the record that defendant requested, nor that the trial court considered a conditional discharge. Accordingly, the trial court erred and the judgment must be vacated and remanded for a new sentencing hearing.

## III.

The trial court did not err when it denied defendant's motion to dismiss for insufficient evidence, nor did it plainly err when it charged the jury regarding constructive possession. However, the trial court erred by failing to consider a conditional discharge for defendant pursuant to section 90-96(a). Accordingly, we

affirm in part and vacate and remand in part for a new sentencing hearing consistent with this opinion.

AFFIRM IN PART, VACATE AND REMAND IN PART.

Judges ZACHARY and FREEMAN concur.